## 30414. PINYAN v. PINYAN.

GUNTER, Justice.

This is an appeal by appellant-husband, by certificate for immediate review, from a judgment that set aside a judgment of divorce between the parties. The judgment setting aside the divorce judgment was rendered at the same term of court that the divorce judgment was entered.

In setting aside the divorce the trial judge said: "The Court does this on the basis that this is still the same term of court and it has authority under the law to exercise its discretion and to set aside this final judgment and decree and this alone is the basis for setting this decree aside."

In *Martin v. General Motors Corp.,* 226 Ga. 860, 862 (178 SE2d 183) (1970), this court said: "It has always been the rule in this state that where a judgment is not based on the verdict of a jury, but is the act of the judge, it is in the breast of the court during the term in which it is rendered, and in the exercise of a sound discretion, the judge may set it aside . . . Where a meritorious motion is made to set aside a judgment during the term in which it is rendered, the proceeding may be entertained on motion made in the case, even though the motion is not based on a defect appearing on the face of the record. . . These principles have not been changed by the Civil Practice Act, since the power of the court to change its judgment during the term in which it is rendered is an inherent power. The trial judge had a right to consider the motion to set aside filed in the present case at the term in which the judgment was rendered."

Having reviewed the record, we find no abuse of discretion on the part of the trial judge in setting the divorce judgment aside by a judgment rendered at the same term of court.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 15, 1975 — DECIDED JANUARY 8, 1976.

*Albert A. Roberts,* for appellant.

*Webb, Parker, Young & Ferguson, Barry F. Shea,* for appellee.