### 36123. DONNELLY et al. v. STYNCHCOMBE.

BOWLES, Justice.

The petitioners were convicted on April 18, 1978 in the Superior Court of Fulton County, Georgia for armed robbery and burglary. No appeal was taken from these convictions. On September 14, 1978, the petitioners filed a petition for writ of habeas corpus. The Superior Court of Fulton County denied the petition for writ of habeas corpus by final order entered and filed on February 6, 1979. No appeal was taken from this judgment. On March 8, 1979, the petitioners filed a motion for "reconsideration." The motion for reconsideration was denied on October 29, 1979. A notice of appeal from the denial of the petition for writ of habeas corpus was filed on November 28, 1979.

The merits of this appeal cannot be reached because the petitioners failed to make a timely appeal. A trial judge can set aside a final order entered provided that the order is set aside during the same term in which it is entered. The Fulton County Superior Court has two-month terms. The first term ends at the end of February and the next term is for March and April. The petition for writ of habeas corpus was denied on February 6, 1979. However, the motion for reconsideration was not filed until March 8, 1979. Because of this the case was no longer in the breast of the court and could not stay the requirement for filing a notice of appeal within 30 days. *Stores, Inc. v. Kalfin,* 226 Ga. 145 (173 SE2d 219 (1970). If the motion for reconsideration had been filed within the term in which it was entered, the denial of the petition for writ of habeas corpus could have been vacated in the discretion of the trial judge. *C. & S. National Bank v. Burden,* 145 Ga. App. 402 (244 SE2d 244) (1978).

Even if the motion for reconsideration had been filed during the term in which the order was entered such motion would not extend the filing date for a notice of appeal unless the original judgment was vacated or withdrawn. This court has construed Code Ann. § 6-803 as limiting motions that would extend the filing date for a notice of appeal to only a motion for new trial, or a motion in arrest of judgment or a motion notwithstanding the verdict. *Adamson v. Adamson,* 226 Ga. 719 (177 SE2d 241) (1970); *Johnson v. Barnes,* 237 Ga. 502 (229 SE2d 70) (1976); *Ellis v. Continental Ins. Co.,* 141 Ga. App. 809 (234 SE2d 377) (1977).

Petitioners have failed to make a timely appeal. Therefore, the appeal is dismissed.

*Appeal dismissed. All the Justices concur.*

SUBMITTED APRIL 4, 1980 — DECIDED JULY 1, 1980.

*Billy L. Spruell, Daryl G. LeCroy, Wayne E. Ingram,* for appellants.
*Lewis R. Slaton,* District Attorney, *Margaret V. Lines,* Assistant District Attorney, *Arthur K. Bolton,* Attorney General, for appellee.