### 41703. JACKSON v. JACKSON.
(328 SE2d 733)

HILL, Chief Justice.

We granted this application to appeal the denial of the mother's motion for new trial and to set aside a divorce and child custody judgment entered by the Fulton Superior Court. In the decree sought to be set aside, the trial court, before whom the mother did not appear,

granted child custody to the father on March 5, 1984.

Karen and Charles Jackson, Jr., were married in 1977, and their daughter, Brittany, was born in 1979. In May 1983, the couple was living in Georgia when they separated and the mother and child moved to Massachusetts, where the mother's family resided. On July 22, 1983, the father, while visiting the child, brought her back to Georgia. The mother then obtained an ex parte award of custody from a Massachusetts probate court. On August 3, the father, alleging the presence of the child in Georgia, filed for divorce and custody in Fulton Superior Court. The mother was served on August 6, and came to Georgia to reobtain the child a week later. On August 16, the father was served with the Massachusetts custody suit, and two days later, the mother was awarded temporary custody in the Massachusetts probate court. On August 24, 1983, the mother answered the Fulton County suit, claiming custody under the Massachusetts order. The father then moved to dismiss the proceedings in Massachusetts for lack of jurisdiction, but his motion was denied, and he was ordered to pay temporary child support to the mother.

On October 17, 1983, the residency requirements having been met, the mother filed suit for divorce in Massachusetts, and the father acknowledged service of it on December 5, 1983. On that date, the mother and father entered into a settlement agreement which included among other provisions that the mother would have the child's custody, and terms for visitation for the father and support and medical protection for the child were arranged. They also agreed that "in the event either the wife or the husband pursues a Complaint for Divorce, as previously referred to in this Agreement, and that a Judgment should be entered as a result of such action, the Court will be informed of this Agreement and this Agreement shall be merged in and incorporated in said Judgment and shall have independent legal significance."

On February 29, 1984, the father's attorney in Georgia spoke with the mother's attorney in Massachusetts in contemplation of a scheduled March 5 hearing on his Fulton County petition for divorce. Although there is some dispute about what understandings were reached between the two attorneys, it was clear that the father had not previously informed his local counsel about the settlement agreement and that, in reliance upon the settlement and the Massachusetts temporary custody award, the mother did not intend to appear here. However, the superior court was not informed of that agreement and custody was awarded to the father on March 5, 1984.

Unaware of the final decree entered in Georgia, the Massachusetts court on March 15, with the father present and affirming their agreement, also issued a decree of divorce which incorporated the settlement agreement negotiated by the parties. On March 16, the wife

received notice of the Fulton County decree, and she immediately (within 30 days and during the same term of court) moved for a new trial and to set aside the judgment. Notwithstanding the agreement, the father's subsequent affirmation of it in the Massachusetts court, and the child custody award made to the mother by the Massachusetts court based on that agreement, the superior court declined to grant a new trial or set aside its custody award to the father based on its conclusions that by failing to appear the mother waived her right to submit the settlement agreement to the court and even if it had known of the agreement the court was not bound by it.[1] We reverse.

The court erred in failing to set aside its judgment in light of the conduct of the father in not revealing the prior agreement to the superior court when it entered the divorce and custody award. While it is true that the trial court was not bound by it, see *Barbee v. Barbee*, 201 Ga. 763, 769 (41 SE2d 126) (1947), the father had a contractual duty to inform the court of the settlement agreement in order to allow the court at least to exercise its discretion on the issue of the best interests of the child.

Although this is a timely motion for new trial and to set aside a judgment, and not a suit in equity to set aside a judgment pursuant to OCGA § 9-11-60 (e), such cases are applicable. While it has been said many times that a suit to set aside a judgment will not be granted where, as here, a party was served and failed to appear, a judgment obtained by an extrinsic or collateral fraud may be set aside in equity. *Young v. Young*, 188 Ga. 29, 34 (2 SE2d 622) (1939). " 'Fraud is extrinsic or collateral, within the meaning of the rule, when it is one the effect of which prevents a party from having a trial, or from presenting all of his case to the court, or which operates, not upon matters pertaining to the judgment itself, but to the manner in which it is procured.' 15 R. C. L. 763." In applying this rule, it has been held that where the parties have agreed to settle and dismiss a suit, it is fraud for one party thereafter to obtain a judgment. E.g., *Doyal v. Tommey*, 160 Ga. 378, 380 (127 SE2d 750) (1925); *Bryant v. Bush*, 165 Ga. 252 (4) (140 SE 366) (1927).

We find the same true here. The father settled the case with the mother and agreed to inform the court of it and to seek to have the

---

[1] The trial court also found that it, and not the Massachusetts court, had jurisdiction over the child under the Uniform Child Custody Jurisdiction Act, OCGA § 19-9-43 (a) (1) (3), and that Massachusetts had not adopted and the Massachusetts court did not exercise jurisdiction substantially in accordance with the U.C.C.J.A. See OCGA § 19-9-53. We do not reach these issues. We note, however, that failure to furnish the information required by OCGA § 19-9-49, including paragraph (d) thereof, could also result in the setting aside of a child custody award. We note further that Massachusetts has now adopted the U.C.C.J.A., MGLA Ch. 209B, §§ 1-14, and that upon remand the Georgia U.C.C.J.A., including OCGA § 19-9-46 (c), shall apply.

settlement incorporated into any judgment he sought. Having failed to honor his settlement agreement, he has committed fraud, and the trial court abused its discretion in refusing to grant a new trial and set aside its decree during the term of the court in which it was rendered. See *Staten v. Staten,* 240 Ga. 478 (241 SE2d 237) (1978); *Pinyan v. Pinyan,* 235 Ga. 847 (222 SE2d 36) (1976). The fact that the father told his lawyer that he had been coerced into signing the settlement agreement and that it was only a temporary agreement does not change the result.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 30, 1985.

*Debra A. Segal, Sheila A. Connors,* for appellant.
Charles Jackson, *pro se.*