## A93A2197. CHEELEY-TOWNS v. RAPID GROUP, INC.
(441 SE2d 452)

SMITH, Judge.

Brenda Cheeley-Towns appeals from the trial court's grant of summary judgment sua sponte to Rapid Group, Inc. The trial court entered its summary judgment order on January 20, 1993. On February 19, 1993, Rapid Group filed a motion seeking expenses of litigation pursuant to OCGA § 9-15-14. On March 5, 1993, Cheeley-Towns responded to Rapid Group's motion for litigation expenses and filed a motion for reconsideration of the judgment of January 20. On June 8, 1993, the trial court entered an order granting Rapid Group's motion for litigation expenses and denying Cheeley-Towns' motion for reconsideration. Cheeley-Towns filed her notice of appeal on June 18, 1993.

1. The only directly appealable order of record is the order of January 20, 1993 granting summary judgment to Rapid Group. " 'The appeal was not filed within 30 days from this order, however, but was filed subsequent to the denial of a motion for reconsideration of this order several months later. It has repeatedly been held that, unlike a motion for new trial, motion in arrest of judgment, or motion for judgment notwithstanding the verdict, a motion for reconsideration does not extend the time for filing a notice of appeal. (Cits.) . . . Thus we lack jurisdiction to entertain the appeal.' [Cits.] '(E)ven if we were to construe appellant's (motion for reconsideration) as a motion to set aside, this court would still have no jurisdiction over the appeal. Appeals from the denial of such motions are discretionary and appellant did not follow the applicable procedure to secure appellate review of the denial of (its) motion. (Cits.)' [Cit.]" *Alvin Lee Co. v. Garmon Electrical Contractors*, 190 Ga. App. 159 (378 SE2d 384) (1989).

2. An appeal from an award of expenses of litigation under OCGA § 9-15-14 is likewise discretionary, OCGA § 5-6-35 (a) (10), when not "appealed as part of a judgment that is directly appealable." *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 526 (4a) (360 SE2d 566) (1987). Since, as held in Division 1, we lack jurisdiction of the underlying claim in the trial court, a direct appeal from the award of expenses of litigation will not lie. *Haggard*, supra; *Martin v. Outz*, 257 Ga. 211 (357 SE2d 91) (1987).

*Appeal dismissed. Beasley, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 11, 1994 —
RECONSIDERATION DENIED FEBRUARY 25, 1994 —

*George P. Graves*, for appellant.

*Sidney L. Moore, Jr.*, for appellee.