## A97A1233. ANDEMESKEL v. WAFFLE HOUSE, INC.
### (490 SE2d 550)

BLACKBURN, Judge.

Haddas Andemeskel appeals the trial court's order dismissing her lawsuit against Waffle House, Inc. arising out of the death of her husband. For the reasons set forth below, we reverse.

On July 29, 1994, Andemeskel filed suit against Waffle House and Louise Gilbert Burhyte. The complaint alleges that Burhyte, while backing out of a Waffle House parking space, backed into the wall of the restaurant, causing a portion of the building to collapse and fatally injure Andemeskel's husband. The complaint asserted a wrongful death claim, a survivorship claim, and a claim for punitive damages.

On May 22, 1995, Waffle House filed a motion to dismiss the lawsuit for failure to state a claim under OCGA § 9-11-12 (b) (6), on the ground that the complaint failed to allege negligence on the part of Waffle House. After a hearing, the trial court on December 9, 1996, entered an order granting the motion to dismiss.

1. Waffle House contends that this direct appeal should be dismissed because claims remain pending in the trial court against the other defendant, Burhyte. However, the trial court's order is styled "Final Order," and purports to dismiss Andemeskel's entire complaint, not merely the claims against Waffle House. Therefore, the order on its face constitutes a final order, and direct appeal is proper under OCGA § 5-6-34 (a) (1).

2. The trial court erred in granting Waffle House's motion to dismiss, as the complaint adequately placed Waffle House on notice of the claim against it. "Under the [Civil Practice Act], a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Citation and punctuation omitted.) *Dillingham v. Doctors Clinic, P.A.*, 236 Ga. 302 (223 SE2d 625) (1976). "When examining a complaint to determine whether the facts asserted therein state a claim for relief under which the plaintiff may recover, it is not necessary to find that the complaint is perfect in form or that it sets out all of the issues with particularity. It is only necessary that the complaint place the defendant on notice of the claim against him." *Henderson v. KM Systems*, 188 Ga. App. 893, 900 (4) (374 SE2d 550) (1988), overruled in part on other grounds, *Cohen v. William Goldberg & Co.*, 262 Ga. 606, 611 (2) (a), (b) (423 SE2d 231) (1992).

In this case, the complaint clearly placed Waffle House on notice of the facts on which Andemeskel's claim was based. The fact that the complaint does not specifically allege negligence on the part of Waffle House does not require dismissal, as our Supreme Court has held

that "the absence of a general allegation of negligence will not subject the petition to dismissal." (Citation and punctuation omitted.) *Dillingham,* supra. See also *Beaver v. Southern Greyhound Lines,* 120 Ga. App. 576 (1) (171 SE2d 658) (1969). As recognized in *Henderson,* supra, "[i]f upon reading the complaint the defendant is uncertain as to the nature of the claim of which he has been placed on notice, the proper remedy for seeking more particularity is by motion for a more definite statement at the pleading stage or by the rules of discovery thereafter." (Citation and punctuation omitted.) Id. at 900 (4).

At trial and in its appellate brief, Waffle House argued that, although this case has been pending for some time and discovery has been pursued, Andemeskel has not produced any evidence of negligence on the part of Waffle House. Waffle House further argues that, with respect to her survivorship claim, Andemeskel has not shown that she is the authorized representative of her late husband's estate. However, such factual issues are properly raised in a motion for summary judgment and not in a motion to dismiss for failure to state a claim. Although OCGA § 9-11-12 (b) allows a trial court to convert a motion to dismiss into a motion for summary judgment when matters outside the pleadings are considered, it must provide 30 days notice of its intent to do so, to enable the opposing party to present evidence in opposition to the motion. See *Bonner v. Fox,* 204 Ga. App. 666, 667 (420 SE2d 312) (1992); *Williams v. Columbus, Ga.,* 151 Ga. App. 311 (259 SE2d 705) (1979).

In this case, there is no indication the trial court treated the motion as one for summary judgment. Indeed, its order specifically stated that Andemeskel's complaint was dismissed for failure to state a claim pursuant to OCGA § 9-11-12 (b). Based on the pleadings, it cannot be said that it appears beyond doubt that Andemeskel could not prove any set of facts entitling her to recover. Accordingly, the trial court erred in granting Waffle House's motion to dismiss.

*Judgment reversed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 4, 1997.

*Alvin L. Kendall, Teresa A. Mann,* for appellant.
*McLain & Merritt, Joe O'Connor,* for appellee.