## S04A0277. HARRIS v. THE STATE.
### (600 SE2d 592)

THOMPSON, Justice.

Leonard Harris is currently in federal custody in South Carolina. In 1992 Harris pled guilty in Gordon County, Georgia, to public indecency, simple battery, obstruction of an officer, four counts of forgery, and cruelty to children. The court sentenced Harris to serve one year in prison and ten on probation. After the Gordon County convictions were used to enhance his federal sentence, Harris filed a habeas corpus petition asserting that his guilty plea was invalid because the sentencing court did not ensure that he knowingly and voluntarily waived his constitutional rights. The habeas court denied the petition on September 20, 2001, noting that Harris failed to verify the petition, did not have it served properly, and did not appeal his guilty plea. Nearly 18 months later, on March 10, 2003, Harris filed a "petition seeking relief from judgment" pursuant to OCGA § 9-11-60 (d) (2).[1] The "petition" alleged that the habeas corpus judgment should be set aside because the habeas court mistakenly determined that Harris' guilty plea was valid. The "petition" was denied on the ground that it failed to state a claim for relief. Thereupon, Harris sought, and this Court granted, a certificate of probable cause to appeal.[2] In so doing, we posed the following four-part question:

---

[1] The "petition" bears the same case number as the habeas corpus case. It cannot be said that it was filed improperly simply because it was not designated as a "motion." *Manley v. Jones*, 203 Ga. App. 173, 174 (416 SE2d 744) (1992).

[2] Insofar as this case could have been viewed as an application to review an order denying

Do any of the following facts preclude this Court's consideration of Harris' claim that his guilty plea was invalid under *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969), and *Bazemore v. State*, 273 Ga. 160 (535 SE2d 760) (2000):

1. That Harris failed to properly verify his petition for habeas corpus;

2. That Harris failed to properly serve his petition for habeas corpus on opposing parties;

3. That Harris failed to appeal his original conviction resulting from the challenged guilty plea; and

4. That Harris failed to appeal the denial of his petition for habeas corpus, and instead filed a "petition seeking relief from judgment" under OCGA § 9-11-60 (d) (2)?

The first three inquiries pertain to the merits of the habeas corpus case. The last inquiry questions the propriety of Harris' "petition" to set aside the habeas corpus judgment. Because we find the last inquiry to be dispositive, we answer it forthwith.

OCGA § 9-11-60 (d) provides:

A motion to set aside may be brought to set aside a judgment based upon:

(1) Lack of jurisdiction over the person or the subject matter;

(2) Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or

(3) A nonamendable defect which appears upon the face of the record or pleadings. Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show no claim in fact existed.

A motion to set aside a judgment based upon fraud, accident or mistake may be properly considered outside the term of court in which the judgment was entered. *Wright v. Archer*, 210 Ga. App. 607, 609 (436 SE2d 775) (1993). Thus, Harris' "petition seeking relief from judgment" cannot be deemed untimely. Nevertheless, we must conclude that Harris' "petition" was not the proper vehicle to address the validity of the habeas court's judgment.

relief under OCGA § 9-11-60 (d), it was, nevertheless, discretionary. See OCGA § 5-6-35 (a) (8). In either event, the improper grant of a certificate of probable cause or a discretionary appeal cannot itself confer appellate jurisdiction where none otherwise exists. *Hicks v. State*, 273 Ga. 358, 360 (541 SE2d 27) (2001) (Carley, J., dissenting).

A motion to set aside a judgment under subsection (2) of OCGA § 9-11-60 (d) is not designed to challenge a court's legal reasoning. On the contrary, such a motion attacks a judgment on grounds that are extraneous to the merits of the case. See generally *Herringdine v. Nalley Equip. Leasing*, 238 Ga. App. 210, 216-217 (517 SE2d 571) (1999). Thus, for example, where a motion to set aside asserts that the judgment was obtained by fraud, the movant must demonstrate that the fraud was extrinsic or collateral, i.e., "when it is one the effect of which prevents a party from having a trial, or from presenting all of his case to the court, or which operates, not upon matters pertaining to the judgment itself, but to the manner in which it is procured." (Punctuation omitted.) *Jackson v. Jackson*, 254 Ga. 280, 282 (328 SE2d 733) (1985).

Harris' "petition" did not assert that the habeas corpus judgment was obtained or procured by extrinsic fraud, accident or mistake. It simply alleged that the habeas corpus court mistakenly judged the merits of the case. Thus, although the "petition" could have been construed as a motion for reconsideration of the merits of the habeas corpus case,[3] it failed as a motion to set aside judgment. It follows that the lower court properly denied Harris' "petition seeking relief from judgment" and that we cannot consider the merits of Harris' habeas corpus case at this juncture.

*Judgment affirmed. All the Justices concur.*

FLETCHER, Chief Justice, concurring.

As the majority properly notes, we are unable to address the merits of the habeas court's order denying Harris's habeas petition because Harris has never sought to appeal that order. However, in *Hicks v. Scott*,[4] this Court ruled that a habeas petitioner's application for certificate of probable cause will not be dismissed as untimely if the habeas court does not explicitly inform the petitioner of the appropriate procedure to appeal that order. In this case, the habeas court indisputably failed to inform Harris of the appropriate appellate procedure. Under the rule enunciated in *Hicks*, therefore, Harris may still file a notice of appeal in the habeas court and an application for certificate of probable cause in this Court.

---

[3] Construing the petition as a motion for reconsideration would not aid Harris' cause because such a motion must be filed within the term of court in which the judgment was entered. See *Donnelly v. Stynchcombe*, 246 Ga. 118 (269 SE2d 10) (1980) (motion to reconsider order denying writ of habeas corpus could not toll the time for appeal when motion was filed in next term of court and the case was no longer in the breast of the court). Besides, a motion to reconsider does not toll the time for filing an application to appeal. Id.; *Cheeley-Towns v. Rapid Group*, 212 Ga. App. 183 (441 SE2d 452) (1994).

[4] 273 Ga. 358 (541 SE2d 27) (2001).

DECIDED JULY 12, 2004 —
RECONSIDERATION DENIED SEPTEMBER 8, 2004.

Leonard Harris, *pro se.*
*Thurbert E. Baker, Attorney General, Thomas J. Campbell, District Attorney,* for appellee.