A04A1517. MASTERS v. CLARK.
(604 SE2d 556)

ELDRIDGE, Judge.

On June 21, 1990, plaintiff-appellant John W. Masters and defendant-appellee Carl N. Clark entered into a lease agreement as to certain real property located at 3186 Buford Highway, Atlanta, Georgia. Under the agreement, Masters leased the Property from Clark for a period of five years and one month with an option to purchase the Property at any time during the term of the lease in accordance with the terms of a purchase and sale agreement attached to the lease. The parties amended the agreement for an additional term of five years on July 19, 1995. On May 23, 2000, and June 26, 2000, Masters made written demands to close the sale of the Property. When Clark refused to do so, Masters filed his complaint for specific performance, damages for breach of contract, and bad faith attorney fees under OCGA § 13-6-11. Clark timely answered and counterclaimed for equitable action to set aside the contract, unpaid rents after May 2000, and OCGA § 13-6-11 attorney fees. Further, Clark contended that Masters had duped him into signing the contract by exploiting a confidential relationship between them and that owner financing under the agreement was unconscionable for his advanced age, nearly 74 at the time the lease was signed in 1990, and 85 when the instant litigation commenced.

Thereafter, the parties filed cross-motions for summary judgment, Masters a motion for summary judgment upon his complaint and Clark a motion for partial summary judgment upon his counterclaim for recovery of reasonable rental value against Masters. On December 31, 2002, following a hearing, the superior court entered an order (the "December 2002 order") granting Masters summary judgment on his claim for specific performance of the purchase and sale

agreement and denying him summary judgment on his claim for OCGA § 13-6-11 attorney fees. Contemporaneously, the superior court denied Clark's motion for partial summary judgment for reasonable rents. On February 12, 2003, Masters filed his emergency motion for clarification of the December 2002 order, requesting that the superior court "amend" the order in that it was unclear and lacked finality for not explicitly granting him summary judgment on his damages for breach of contract claim in addition to granting him summary judgment for specific performance of the purchase and sale agreement.

Masters appeals from the trial court's order entered on November 20, 2003, granting his motion for clarification by declaring its December 2002 order a final judgment and disposition of the case. Pertinently, he argues that the December 2002 order lacked finality for failure to explicitly grant him summary judgment upon his claim for breach of contract, this denying him the right to elect his remedy,[1] and denying him summary judgment on his claim for bad faith attorney fees upon the phrase, "at this stage" of the litigation.[2] Otherwise, Masters directly challenges the December 2002 order, arguing that jury questions remain as to his claim for OCGA § 13-6-11 attorney fees and, curiously, that such order was error in the event the trial court therein "meant" to sua sponte[3] grant Clark summary judgment upon his (Masters') complaint for damages and OCGA § 13-6-11 attorney fees. Finding that the superior court lacked jurisdiction to decide Masters' motion for clarification as an out-of-term motion to reconsider the December 2002 order insufficient to extend the time to file timely a notice of appeal as to such order, we vacate the superior court's grant of Masters' motion for clarification and dismiss his appeal.

Masters' "motion for clarification" was, in substance, a motion for reconsideration in which he requested that the trial court "amend"[4] its December 2002 order, see *Andrew L. Parks, Inc. v. SunTrust Bank &c.*, 248 Ga. App. 846, 847 (545 SE2d 31) (2001) ( "A motion to clarify

---

[1] By his motion for summary judgment, Masters correctly sought his remedies in the alternative. "Specific performance is an extraordinary, equitable remedy, which will be granted only if the complainant does not have an adequate remedy at law." (Footnote omitted.) *Kirkley v. Jones*, 250 Ga. App. 113, 115-116 (2) (550 SE2d 686) (2001).

[2] Nothing of record shows that Masters made timely motion for attorney fees under OCGA § 9-15-14 after entry of the December 2002 order. See OCGA § 9-15-14 (e) ("Attorney[] fees and expenses [of litigation awarded] under [OCGA § 9-15-14] may be requested by motion [within] 45 days after the final disposition of the action.").

[3] Clark did not move for partial summary judgment on these grounds.

[4] "[A] trial judge has 'inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate such judgment, even upon his own motion, for the purpose of promoting justice and in the exercise of a sound legal discretion.' [Cit.]" *Andrew L. Parks, Inc. v. SunTrust Bank &c.*, 248 Ga. App. 846, 847 (545 SE2d 31) (2001).

is not a motion authorized by [the Civil Practice] Act, but there is no magic in the nomenclature used. Under our rules, pleadings are judged by their function and not the name [used]. [Cit.]"), variously arguing that the December 2002 order lacked finality.

A motion for reconsideration filed within the term of court that a judgment is entered extends the authority of a trial judge to modify its judgment after the term expires; however, such a motion filed after the term in which it was entered, as here, does not, such authority is then lost.[5] *State v. Fredericks*, 256 Ga. App. 401, 402 (568 SE2d 489) (2002). Moreover,

> ▮t is well settled that a motion for reconsideration does not toll the time for filing a direct appeal. *Blackwell v. Sutton*, 261 Ga. 284 (404 SE2d 114) (1991); OCGA § 5-6-38 (a); see also *MMT Enterprises v. Cullars*, 218 Ga. App. 559, 560-561 (2) (462 SE2d 771) (1995) (a motion to set aside, even when based upon lack of jurisdiction or a nonamendable defect, does not extend the time for filing an appeal).

*Bell v. Cohran*, 244 Ga. App. 510 (536 SE2d 187) (2000). Because Masters' notice of appeal was filed nearly a year after the December 2002 order was entered, it is untimely. See OCGA § 5-6-38 (a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). We lack jurisdiction to consider this appeal because the "proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court. [Cit.]" *Hammond v. Unified Govt. of Athens-Clarke County*, 240 Ga. App. 432 (525 SE2d 709) (1999).

Accordingly, the superior court's order granting Masters' motion for clarification is vacated as void for want of jurisdiction, and the appeal is dismissed as untimely filed.

*Clarification order vacated and appeal dismissed. Ruffin, P. J., and Adams, J., concur.*

DECIDED AUGUST 25, 2004 —
RECONSIDERATION DENIED SEPTEMBER 13, 2004 — ▮

*Dreger, Coyle, McClelland, Bergman & Pieschel, Richard J. Dreger*, for appellant.

---

[5] Terms of court in the DeKalb County Superior Court commence on the first Monday of January, March, May, July, September, and November. OCGA § 15-6-3 (37).

*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Carol V. Clark, Monica K. Gilroy*, for appellee.