A07A2012. CHISHTI v. THE STATE.
(653 SE2d 830)

ADAMS, Judge.

Muhammad Chishti appeals the grant of the State's motion for reconsideration in his traffic violation case. Chishti contends that the trial court erred by vacating its order granting his motion for discharge and acquittal outside the term of court in which it was rendered, and we agree.

On April 17, 2005, Chishti was cited for various traffic violations including driving under the influence, failing to notify the owner upon striking an unattended vehicle, leaving the scene of an accident, and having an open container in the vehicle. Chishti was summoned to appear the next morning, April 18, 2005, but his court date was rescheduled after his attorney filed an entry of appearance, waiver of discovery, demand for jury trial and other incorporated motions. Because he demanded a jury trial, Chishti's case was transferred to the State Court of Fulton County on August 8, 2005, and on that same date, Chishti filed a demand for a speedy trial. On July 6, 2006, Chishti filed a motion for discharge and acquittal. The motion for discharge and acquittal was granted by the trial court and was entered on October 30, 2006. On November 16, 2006, the State filed a motion for reconsideration, and a hearing was held on the State's motion on December 13, 2006. On January 11, 2007, the court granted the State's motion.

It is undisputed that the terms of court for the Atlanta Circuit, State Court of Fulton County, begin on the first Monday in January, March, May, July, September and November. See OCGA § 15-6-3 (3). In 2006, the November term of court began on November 6, the first Monday of that month. Accordingly, the September term of court lasted from the first Monday in September until November 5, 2006.

"A motion for reconsideration filed within the term of court that a judgment is entered extends the authority of a trial judge to modify its judgment after the term expires; however, such a motion filed after the term in which it was entered, as here, does not, [and] such authority is then lost." (Citation and footnote omitted.) *Masters v. Clark*, 269 Ga. App. 537, 539 (604 SE2d 556) (2004). See also *Tanaka v. Pecqueur*, 268 Ga. App. 380, 381-382 (1) (601 SE2d 830) (2004) ("(A)lthough a trial judge has inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate such judgment, even upon his own motion, for the purpose of promoting justice and in the exercise of sound legal discretion, this authority does not extend beyond the same term of court, unless a motion to modify or vacate, et cetera, was filed within the same term of court.").

Based upon our review of the terms of court of the State Court of Fulton County and the date the State filed its motion for reconsideration, we find the filing of the State's motion for reconsideration did not extend the trial court's authority to vacate its October 30 order. See *Donnelly v. Stynchcombe*, 246 Ga. 118 (269 SE2d 10) (1980). The order granting Chishti's motion for discharge and acquittal was entered on October 30, 2006, during the September term, which expired November 5, 2006. The State did not file its motion for reconsideration until November 16, 2006, outside the September term. The trial court did not grant the State's motion until January 11, 2007, a date outside both the September and November terms.[1]

As the court did not have authority to vacate the October 30, 2006 order granting the motion for discharge and acquittal outside the term of court in which it was entered, the subsequent January 11 order granting the motion for reconsideration is a nullity, and we direct the trial court to reinstate its October 30 order.[2]

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 5, 2007.

*Benjamin A. Davis, Jr.*, for appellant.
*Carmen D. Smith, Solicitor-General, Andrea L. Thomas, R. Leon Benham, Assistant Solicitors-General*, for appellee.

---

[1] In its brief, the State concedes that the proper procedure would have been for the State to file its motion for reconsideration within the September term of court. Although the State contends that due to the abolishment of the Atlanta City Court there were procedural difficulties surrounding Chishti's demand for a speedy trial, we fail to see how a change in city court structure prevented the State from timely filing its motion for reconsideration.

[2] In light of this holding, it is unnecessary for us to consider Chishti's second enumeration of error.