# Court of Appeals
# of the State of Georgia

ATLANTA,_____June 07, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16D0384. JOHN GALCZYNSKI v. LAURA MACDONALD et al.**
**A16D0397. IN THE INTEREST OF: L. G. AND H. G., CHILDREN.**

On March 18, 2016, the trial court entered a Final Dependency Order, finding H. G. and L. G. dependent and awarding temporary custody to Laura McDonald, the children's maternal grandmother. John Galczynski, the father, filed a motion for reconsideration, which the trial court denied. The father subsequently filed an application for discretionary appeal, docketed as Case No. A16D0384, on May 18, 2016. Both John Galczynski and Amy Barnes, the mother, filed a joint application for discretionary appeal from the same order, docketed as Case No. A16D0397, on May 23, 2016. We lack jurisdiction.

Dependency rulings are generally directly appealable.[1] Ordinarily, when a party applies for discretionary review of a directly appealable order, we grant the application under OCGA § 5-6-35 (j). To fall within this general rule, however, the application must be filed within 30 days of entry of the order or judgment to be appealed. See OCGA § 5-6-35 (d); *Hill v State*, 204 Ga. App. 582, 583 (420 SE2d

---

[1] See *In the Interest of J. P.*, 267 Ga. 492, 492-493 (480 SE2d 8) (1997) (deprivation/dependency cases do not fall within the purview of OCGA § 5-6-35 (a) (2) and therefore are directly appealable). This is especially true where, as here, the dependency order includes a child custody ruling. See *In the Interest of S. J.*, 270 Ga. App. 598, 607 (1) (a) (607 SE2d 225) (2004) (order within a deprivation/dependency proceeding deciding temporary custody of the child is a "final order" within the meaning of OCGA § 5-6- 34 (a) (1), from which a direct appeal lies).

393) (1992). Here, the father's application for discretionary appeal was filed 61 days after the court's March 18 final order. Although the father sought reconsideration of the court's final dependency order, the denial of a motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000). And the filing of such a motion does not extend the time for appealing the underlying judgment – here, the final dependency order. See *Cheeley-Towns v. Rapid Group, Inc.*, 212 Ga. App. 183 (1) (441 SE2d 452) (1994). In addition, the parents' joint application was filed 66 days after the March 18 final order. Accordingly, we lack jurisdiction to consider these untimely applications, which are hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 06/07/2016

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*