# Court of Appeals
# of the State of Georgia

ATLANTA,____June 15, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16A1773. IN THE INTEREST OF: H. G. AND L. G., CHILDREN.**

On March 18, 2016, the trial court entered a Final Dependency Order, finding H. G. and L. G. dependent and awarding temporary custody to Laura McDonald, the children's maternal grandmother. John Galczynski, the father, filed a motion for reconsideration, which the trial court denied. The father then filed a "Notice of Intention to Apply to the Georgia Court of Appeals" with the trial court on April 28, 2016, and Amy Barnes, the mother, filed a "Notice of Intention to Apply to the Georgia Court of Appeals" with the trial court on May 19, 2016. Both the mother and father also filed a joint "Notice of Appeal" with the trial court on May 23, 2016.[1] We lack jurisdiction.

The trial court's final order finding the children to be dependent was directly appealable. See *In the Interest of J. P.*, 267 Ga. 492, 492-493 (480 SE2d 8) (1997) (deprivation/dependency cases do not fall within the purview of OCGA § 5-6-35 (a) (2) and therefore are directly appealable). This is especially true where, as here, the dependency order includes a child custody ruling. See *In the Interest of S. J.*, 270 Ga. App. 598, 607 (1) (a) (607 SE2d 225) (2004) (order within a deprivation/dependency proceeding deciding temporary custody of the child is a "final order" within the meaning of OCGA § 5-6- 34 (a) (1), from which a direct appeal lies). The parents,

---

[1] The mother and father also filed applications for discretionary appeal, which have been dismissed as untimely. See *Galczynski v. MacDonald*, Case No. A16D0384 (dismissed June 7, 2016); *In the Interest of: L. G. and H. G., Children*, Case No. A16D0397 (dismissed June 7, 2016).

however, were required to file a notice of appeal within 30 days of the trial court's order, which they failed to do. See OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this court. See *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997).

Although the father sought reconsideration of the court's final dependency order, the denial of a motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000). And the filing of such a motion does not extend the time for appealing the underlying judgment – here, the final dependency order. See *Cheeley-Towns v. Rapid Group, Inc.*, 212 Ga. App. 183, 183 (1) (441 SE2d 452) (1994).

Because the parents' notices of appeal were not filed within 30 days of the trial court's March 18, 2016 final order, we lack jurisdiction over this untimely direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* ____06/15/2016____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*