# Court of Appeals
# of the State of Georgia

ATLANTA,   November 07, 2016

*The Court of Appeals hereby passes the following order:*

**A17D0131.  ARNOLD STREET, LLC v. PHOEBE MAZE et al.**

Plaintiff Arnold Street LLC filed a complaint against multiple defendants to determine the validity of a security deed.  On April 22, 2016, the trial court entered final judgment in favor of the defendants, including therein findings of fact and conclusions of law pursuant to OCGA § 9-11-52, as requested by plaintiff.  On May 6, 2016, plaintiff moved to amend the findings of fact and conclusions of law and for reconsideration.  The trial court did not rule on the motion, and plaintiff filed a notice of appeal on May 24, 2016.  The case was docketed in this Court but was dismissed as untimely since the notice of appeal was filed more than 30 days after the judgment challenged.   See Case No. A16A2185, dismissed August 12, 2016.   The remittitur issued, and plaintiff forwarded a letter to the court requesting a ruling on the motion filed on May 6.  The trial court entered its "Order on Remittitur," denying plaintiff's request. This application followed.

A notice of appeal must be filed within 30 days of the entry of the order sought to be appealed.  See OCGA § 5-6-38 (a).  "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court." *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012) (citation and punctuation omitted).  Instead of filing a timely notice of appeal from the trial court's April 2016 final judgment, plaintiff filed a motion to amend and for reconsideration, which was in substance a motion for reconsideration.  See *Masters v. Clark*, 269 Ga. App. 537, 538 (604 SE2d 556) (2004) ("[T]here is no magic in the nomenclature used. Under our rules, pleadings are judged by their function and not the name used." (citation and punctuation omitted)).   However, the denial of a motion for

reconsideration is not directly appealable, and the filing of such a motion does not extend the time for filing an appeal.  See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271 (326 SE2d 5) (1985).

Although at this juncture, plaintiff seeks discretionary review of the "order on remittitur," the order in essence simply denies plaintiff's motion for reconsideration. Plaintiff cites OCGA § 5-6-35 (a) and (j) as the basis for the discretionary application, but neither section applies herein.  As stated in our order of August 12, 2016, plaintiff failed to file a notice of appeal within 30 days of the entry of the appealable judgment entered against it.  Plaintiff's attempt to extend the time to appeal from the final judgment through filing an application for discretionary appeal from the court's most recent order in the case is not authorized.  Accordingly, this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*      11/07/2016
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*