# Court of Appeals
# of the State of Georgia

ATLANTA,  February 01, 2017

*The Court of Appeals hereby passes the following order:*

## A17D0236. HEIDI K. COOPER v. CITIMORTGAGE, INC. et al.

Heidi K. Cooper filed a second quiet title action against several defendants, including CitiMortgage, Inc.  On October 12, 2016, the trial court entered an order granting CitiMortgage's motion to dismiss on res judicata grounds. Cooper then filed two motions: a motion to voluntarily dismiss two defendants and a motion to amend the trial court's final order to reflect the dismissal of those two defendants. In a somewhat convoluted argument, Cooper contended that, because the attorney for CitiMortgage did not represent the two defendants she sought to dismiss, the trial court's "final order" was, in fact, interlocutory.

As a threshold matter, we note that no provision of OCGA § 5-6-35, the discretionary appeal statute, appears to apply to the case at bar. Ordinarily, we will grant a timely application when the lower court's order is subject to direct appeal.  See OCGA § 5-6-35 (j). Here, however, the trial court's order is not subject to direct appeal.

Contrary to Cooper's contention, the trial court's October 12 order was, in fact, final. The trial court did not dismiss the complaint as to CitiMortgage only. Rather, the trial court ruled that Cooper's suit was barred by res judicata. As no issue remained pending below, the order was final for purposes of appeal. See OCGA § 5-6-34 (a) (1);  *Andemeskel v. Waffle House*, 227 Ga. App. 887, 887 (1) (490 SE2d 550) (1997).

To appeal this order, Cooper was required to file a notice of appeal within 30 days of its entry.  See OCGA § 5-6-38 (a).  "The proper and timely filing of a notice

of appeal is an absolute requirement to confer jurisdiction upon an appellate court." *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012) (citation and punctuation omitted). Instead of filing a timely notice of appeal, Cooper filed motions to voluntary dismiss defendants and to amend the final order. In substance, these motions sought reconsideration of the trial court's final order. See *Dept. of Transp. v. Camvic Corp.,* 284 Ga. App. 321, 323 (2) (a), (644 SE2d 171) (2007) (motions are construed according to their substance and function rather than by their nomenclature).

Cooper filed this discretionary application within 30 days of the trial court's order denying her motions. However, an order denying a motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000). Moreover, a motion for reconsideration does not extend the time for filing an appeal from the underlying order. See *Cheeley-Towns v. Rapid Group, Inc.*, 212 Ga. App. 183 (441 SE2d 452) (1994); *Harris v. State*, 278 Ga. 280, 282 n.3 (600 SE2d 592) (2004) ("[A] motion to reconsider does not toll the time for filing an application to appeal."). Accordingly, we lack authority to grant Cooper's application under OCGA § 5-6-35 (j), and it is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___02/01/2017_____*
     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*