# Court of Appeals
# of the State of Georgia

ATLANTA,  October 10, 2017

*The Court of Appeals hereby passes the following order:*

## A18D0096.  ERROL MALCOLM v. JARION CRAWFORD et al.

Errol Malcolm filed a complaint for damages against Jarion Crawford and Enterprise Leasing Company of Georgia, LLC in state court, seeking damages resulting from an automobile accident.  Malcolm obtained an order for service by publication, and some time later, Crawford filed a motion to dismiss for lack of diligence in attempting service.  The trial court granted Crawford's motion on May 24, 2017.  Malcolm filed a motion to reconsider/vacate final order, which the trial court denied on August 17, 2017.  Malcolm then filed this application on September 14, 2017.  However, we lack jurisdiction.

As a threshold matter, we note that no provision of OCGA § 5-6-35, the discretionary appeal statute, appears to apply to the case at bar. Ordinarily, we will grant a timely application when the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j).  Here, however, the trial court's order is not subject to direct appeal.

The trial court's May 24 order was, in fact, final.  The trial court dismissed the complaint with prejudice as to both defendants.  As no issue remained pending below, the order was final for purposes of appeal. See OCGA § 5-6-34 (a) (1); *Andemeskel v. Waffle House*, 227 Ga. App. 887, 887 (1) (490 SE2d 550) (1997).  To appeal this order, Malcolm was required to file a notice of appeal within 30 days of its entry.  See OCGA § 5-6-38 (a).  "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court." *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012) (citation and punctuation omitted).

Instead of filing a timely notice of appeal, Malcolm filed his motion for

reconsideration or to vacate the final order, offering additional evidence in opposition to Crawford's motion to dismiss. He then filed this discretionary application within 30 days of the trial court's order denying his motion. An order denying a motion for reconsideration, however, is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000). Moreover, a motion for reconsideration does not extend the time for filing an appeal from the underlying order. See *Cheeley-Towns v. Rapid Group, Inc.*, 212 Ga. App. 183 (1) (441 SE2d 452) (1994); *Harris v. State*, 278 Ga. 280, 282 n.3 (600 SE2d 592) (2004) ("[A] motion to reconsider does not toll the time for filing an application to appeal."). Accordingly, we lack authority to grant Malcolm's application under OCGA § 5-6-35 (j), and it is hereby DISMISSED.



Court of Appeals of the State of Georgia

    Clerk's Office, Atlanta, __10/10/2017__

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*