# Court of Appeals
# of the State of Georgia

ATLANTA,  October 19, 2017

*The Court of Appeals hereby passes the following order:*

## A18D0113. KHADENE WALKER v. WINDCREST PARK TOWNHOME ASSOCIATION, INC.

Windcrest Park Townhome Association filed a complaint against Khadene Walker in which it alleged that she had violated the Association's protective covenants and owed unpaid assessments, late fees, and reasonable attorney's fees. Windcrest moved for summary judgment, which the trial court granted on March 23, 2017. On or about April 24, 2017, Walker filed a motion to set aside and vacate the judgment, purportedly in accordance with OCGA § 9-11-60 (d), in which she argued that she had complied with the Windcrest's covenants. The trial court denied Walker's motion on June 1, 2017, concluding that Walker had failed to meet her burden under OCGA § 9-11-60 (d) to establish proper grounds for the court to set aside the final order. On or about May 30, 2017, Walker filed an amended motion to set aside, again asserting her compliance with the covenants and arguing that she was the victim of discrimination and harassment. The trial court denied her second motion on August 22, 2017. Walker filed this application within 30 days of the latter order. However, we lack jurisdiction.

Although Walker styled her motion as one seeking to set aside/vacate the order granting summary judgment, her motion was in substance one for reconsideration. As concluded by the trial court, the motion presented no grounds for setting aside the order under OCGA § 9-11-60 (d). Rather, Walker argued the merits of the case, asserting that she had complied with the covenants. See *Masters v. Clark*, 269 Ga. App. 537, 538 (604 SE2d 556) (2004) ("[T]here is no magic in the nomenclature used. Under our rules, pleadings are judged by their function and not the name

used.") (citation and punctuation omitted). An order denying a motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000). Moreover, a motion for reconsideration does not extend the time for filing an appeal from the underlying order. See *Cheeley- Towns v. Rapid Group, Inc.*, 212 Ga. App. 183 (1) (441 SE2d 452) (1994); *Harris v. State*, 278 Ga. 280, 282 n.3 (600 SE2d 592) (2004) ("[A] motion to reconsider does not toll the time for filing an application to appeal.") Here, the underlying order was the order granting summary judgment, from which Walker did not appeal.

Because Walker's application is not timely from an appealable order, it is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 10/19/2017*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*