# Court of Appeals
# of the State of Georgia

ATLANTA,  November 15, 2018

*The Court of Appeals hereby passes the following order:*

## A19D0162.  JAMES DEWBERRY v. MARY ROBERTS.

Mary Roberts filed an action against James Dewberry in magistrate court to recover a suit on account, and the magistrate court ordered service by publication. Thereafter, Dewberry filed a motion to dismiss based on Roberts's failure to personally serve him. The magistrate court denied the motion and entered judgment in Roberts's favor. Dewberry then appealed to the superior court. In superior court, he again filed a motion to dismiss based on defective service; the motion was denied. Ultimately, on July 26, 2018, the superior court dismissed with prejudice Dewberry's action. He thereafter filed a "motion to set aside" the dismissal based on lack of personal jurisdiction; but with the exception of the introduction and some renumbering of paragraphs, Dewberry's motion to set aside was almost identical to his previous motion to dismiss. The trial court denied the motion on September 27, 2018, and Dewberry filed this application within 30 days. We, however, lack jurisdiction.

Although Dewberry styled his most recent motion as a motion to set aside, as noted by the trial court, the motion was just the most recent in a series of motions challenging the court's jurisdiction due to alleged lack of service of the magistrate court action. Moreover, the court had previously considered and denied all of Dewberry's arguments in that regard. And although lack of jurisdiction may serve as a basis for setting aside the order under OCGA § 9-11-60 (d), Dewberry literally recycled his earlier motion to dismiss, such that his motion was in substance one for reconsideration. See *Masters v. Clark*, 269 Ga. App. 537, 538 (604 SE2d 556) (2004) ("[T]here is no magic in the nomenclature used. Under our rules, pleadings are judged

by their function and not the name used.") (citation and punctuation omitted); see also *Harris v. State*, 278 Ga. 280, 282 (600 SE2d 592) (2004) ("A motion to set aside a judgment under . . . OCGA § 9-11-60 (d) is not designed to challenge a court's legal reasoning. On the contrary, such a motion attacks a judgment on grounds that are extraneous to the merits of the case."). An order denying a motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000). Moreover, a motion for reconsideration does not extend the time for filing an appeal from the underlying order. See *Cheeley- Towns v. Rapid Group, Inc.*, 212 Ga. App. 183 (1) (441 SE2d 452) (1994); *Harris*, 278 Ga. at 282 n.3 ("[A] motion to reconsider does not toll the time for filing an application to appeal.") Here, the underlying order was the July 26, 2018, order dismissing Dewberry's action, from which he did not appeal.

Because Dewberry's application is not timely from an appealable order, it is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, 11/15/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*