# Court of Appeals
# of the State of Georgia

ATLANTA,  March 05, 2019

*The Court of Appeals hereby passes the following order:*

**A19A0219.  IN RE DUSTON TAPLEY, JR.**

On February 15, 2018, the Superior Court for the Middle Judicial Circuit entered an order accepting attorney Duston Tapley, Jr.'s "consent agreement" to no longer represent clients in criminal cases in that circuit. Tapley did not appeal that order. Instead, more than two months later, he filed a motion to vacate, asserting that he was competent and therefore able to represent clients and a motion to recuse the trial court judge from deciding the motion to vacate. On June 8, 2018, the trial court entered orders denying Tapley's motions, and he appealed to this Court on June 25, 2018.[1] We lack jurisdiction.

Tapley did not timely appeal from the trial court's order of February 15, 2018. See OCGA § 5-6-38 (a) (providing that a notice of appeal must be filed within 30 days). Tapley's "motion to vacate" was in substance a motion for reconsideration, as he asserted that he was competent, such that the trial court should reconsider its ruling regarding his ability to represent clients. See *Masters v. Clark*, 269 Ga. App. 537, 539 (604 SE2d 556) (2004) ("[T]here is no magic in the nomenclature used. Under our rules, pleadings are judged by their function and not the name used.") (punctuation omitted). An order denying a motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000). Moreover,

---

[1] Tapley also appealed similar orders entered in a murder case in Case No. A18A2039. Thereafter, both that case and the instant case were transferred to the Supreme Court. The Supreme Court dismissed Tapley's appeal in the murder case because he failed to follow the interlocutory application procedure, and returned the instant case to this Court. See Case Nos. S19A0397/S19A0398 (Jan. 7, 2019).

a motion for reconsideration does not extend the time for filing an appeal from the underlying order. See *Cheeley-Towns v. Rapid Group, Inc.*, 212 Ga. App. 183, 183 (1) (441 SE2d 452) (1994).

Given that Tapley did not timely appeal from the consent order and cannot appeal from the denial of the motion for reconsideration, the denial of his motion to recuse appears to be moot. OCGA § 5-6-48 (b) (3) (providing for dismissal of an appeal when the questions presented have become moot); *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997) (A matter is moot if a ruling "cannot have any practical effect on the existing controversy.") (punctuation omitted). And if the motion to recuse is not moot because the matter remains pending in the trial court, we would still lack jurisdiction because orders denying motions to recuse are interlocutory, and appeals of such orders require compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b). See *Ellis v. Stanford*, 256 Ga. App. 294, 295 (2) (568 SE2d 157) (2002).

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,*   03/05/2019
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*