# Court of Appeals
# of the State of Georgia

ATLANTA,  March 05, 2019

*The Court of Appeals hereby passes the following order:*

## A19D0351.  AMMON RA SUMRALL v. TODDRICK HUNTER et al.

On July 26, 2018, the trial court denied prison inmate Ammon Ra Sumrall's request to file a civil complaint against defendants Toddrick Hunter and Johnny R. Hunter, finding that his pleading, on its face, showed a complete absence of any justiciable issue of law or fact.  See OCGA § 9-15-2 (d).  Sumrall then filed "Plaintiff's Response to the Court's Order that Denied Plaintiff's Request to Proceed in Forma Pauperis."  The trial court denied the response on January 14, 2019 and, on February 14, 2019, Sumrall filed this application for discretionary review.  We, however, lack jurisdiction.

To be timely, a discretionary application must be filed within 30 days of entry of the order to be appealed.  OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582, 582 (420 SE2d 393) (1992).  This statutory deadline is jurisdictional, and we cannot accept an application for appeal not made in compliance with OCGA § 5-6-34 (d). *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989).  Here, Sumrall filed his application 31 days after entry of the order he seeks to appeal.  Sumrall attempted to file his application earlier, but it was returned because he did not have a proper certificate of service in compliance with Court of Appeals Rule 6.  Sumrall has filed a motion to change the filing date back to the date of the original filing.  However, this Court can only accept an application once it is in compliance with our rules and that is the filing date.  Accordingly, Sumrall's motion to change the filing date is hereby DENIED.

Moreover, although Sumrall called his filing a response, his filing was in substance one for reconsideration. See *Masters v. Clark*, 269 Ga. App. 537, 538 (604 SE2d 556) (2004) ("[T]here is no magic in the nomenclature used. Under our rules, pleadings are judged by their function and not the name used.") (citation and punctuation omitted). An order denying a motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000). Moreover, a motion for reconsideration does not extend the time for filing an appeal from the underlying order. See *Cheeley- Towns v. Rapid Group, Inc.*, 212 Ga. App. 183, 183 (1) (441 SE2d 452) (1994); *Harris v. State*, 278 Ga. 280, 282 n.3 (600 SE2d 592) (2004) ("[A] motion to reconsider does not toll the time for filing an application to appeal."). Thus, this application is untimely as to both the denial of his request to file a civil complaint and the order denying reconsideration and also invalid as to the order denying reconsideration.

For these reasons, the application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,*  03/05/2019
       *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


                                                                  , *Clerk.*