# Court of Appeals
# of the State of Georgia

ATLANTA,  February 04, 2022

*The Court of Appeals hereby passes the following order:*

## A22D0214. MAKALA GILL v. JOHN COLLINS.

Pursuant to a consent parenting plan, Makala Gill and John Collins shared joint legal and physical custody of their minor child. Collins filed a motion to modify custody, and on December 7, 2021, the trial court entered an emergency temporary order awarding Collins sole custody. Gill filed a motion for reconsideration, which was summarily denied. On Friday, January 7, 2022, she filed this application for discretionary review of the trial court's December 7 order. Collins has filed a motion to dismiss, arguing that we lack jurisdiction to consider Gill's application because it is untimely. We agree.

Pursuant to OCGA § 5-6-34 (a) (11), "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody" are directly appealable. Therefore, a party seeking to challenge a child custody order, including an interlocutory custody order, may file a direct appeal. See *Lacy v. Lacy*, 320 Ga. App. 739, 742 (3) (740 SE2d 695) (2013); *Taylor v. Curl*, 298 Ga. App. 45, 45 (679 SE2d 80) (2009). Ordinarily, when a party applies for discretionary review of a directly appealable order, this Court grants the application. See OCGA § 5-6-35 (j). To fall within this general rule, however, the application must be filed within 30 days of entry of the order sought to be appealed. See OCGA § 5-6-35 (d), (j). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Here, Gill's application was filed 31 days after the entry of the custody order and is therefore untimely.

Although Gill's application is timely to the denial of her motion for reconsideration, the denial of a motion for reconsideration is not ordinarily appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); see also *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017) (explaining that appeal from order denying a motion to set aside was not a direct challenge to the court's underlying custody ruling and therefore was not directly appealable under OCGA § 5-6-34 (a) (11)). Nor does the denial of reconsideration extend the time for filing a discretionary application. See *Harris v. State*, 278 Ga. 280, 282, n.3 (600 SE2d 592) (2004). The denial of a motion for reconsideration of an interlocutory order may serve as the basis for an application for interlocutory review "if a certificate of immediate review is obtained from the trial court." *Mayor & Savannah v. Norman J. Bass Constr. Co.*, 264 Ga. 16, 17 (1) (441 SE2d 63) (1994); see also *Ferguson v. Freeman*, 282 Ga. 180, 181 (1) (646 SE2d 65) (2007). However, Gill did not obtain a certificate of immediate review or otherwise comply with the interlocutory appeal process. See OCGA § 5-6-34 (b).

Because Gill's application is untimely to the December 7 order and Gill did not follow the proper appellate procedure to seek review of the trial court's order denying reconsideration, we lack jurisdiction. Accordingly, Collins's motion to dismiss is hereby GRANTED, and this application is hereby DISMISSED.

After she filed her application, Gill also filed an emergency motion under Court of Appeals Rule 40 (b), seeking review of the December 7 order. Her emergency motion is hereby DENIED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, __02/04/2022__

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_ , Clerk.