33114. MOORE *v.* BANK OF DAHLONEGA.

DECIDED JULY 7, 1950. REHEARING DENIED JULY 20, 1950.

146

*Smith & Stephens*, for plaintiff.

*J. F. Pruitt, E. C. Brannon*, for defendant.

FELTON, J. The court properly found for the defendant. The finding, however, could not be based on Code § 13-2044, because the section does not include forgeries of indorsements. *First National Bank of Atlanta* v. *American Surety Co.*, 71 *Ga. App.*

112 (30 S. E. 2d, 402); Insurance Company of North America *v.* Fourth National Bank of Atlanta, 12 Fed. (2d) 100. The instrument was not payable to bearer under Code § 14-209 because the drawer believed that the payee was a real and not a fictitious entity. Plaintiff in error cites 7 Am. Jur. 840, § 96 and makes the following statement: "The duty of the drawee bank in such an instance would be no different from its duty when a check is drawn to an existing person intended to receive the instrument or its proceeds." We agree with this statement and in this view it remains only to determine whether T. W. Mc-Peak forged the indorsement by the indorsement "Gilbert Wholesale Hardware Co. by *Joe W. Gilbert*" instead of "by *T. W. McPeak*." The evidence shows that McPeak had established an account at the Wachovia Bank and Trust Company in the name of "Gilbert Wholesale Hardware Company, P. O. Box 341, Asheville, North Carolina" and that the man who made the deposits of checks and money orders completed and left a signature comparison card with the name "Joe W. Gilbert" appearing thereon. The petition alleges that McPeak signed the indorsement as Joe W. Gilbert. McPeak had a perfect right as between him and the North Carolina bank to use a trade name and an assumed name so long as he dealt in good faith with it. If McPeak had deposited the check as he did and had established an account which he could withdraw by indorsing the trade name, by "T. W. McPeak," there would be no contention here that the indorsement was forged. So it is immaterial by what name the indorsement was drawn so long as there was no concealment from the bank, and no misrepresentation, as to the identity of the person indorsing the instrument. McPeak could have used any name he wished so long as the North Carolina Bank knew it was dealing with the same person in whose name the account was opened. "Whether a name is the real one of the individual using it or is a fictitious or assumed one is ordinarily a question of fact. Without abandoning his real name, a person may, in the absence of statutory prohibition, adopt any name, style, or signature, wholly different from his own name, by which he may transact business, execute contracts, issue negotiable paper, and sue or be sued, unless he does so in order to defraud others through mistake of identity, it being the identity of the indi-

vidual that is regarded, and not the name that he may bear or assume." 45 C. J. § 12, p. 376. . . "The essential element of forgery consists in the intent, when making the signature, or procuring it to be made, to pass it off fraudulently as the signature of another party than the one who actually makes it." Commonwealth v. Costello, 120 Mass. 370. "If this intent thus to personate another exists, the instrument is still a forgery, even if the name affixed is actually the same name with that borne by the party who signs it. So there may be forgery by the use of a fictitious name as well as by the use of a person's own name, if the intent exists to commit a fraud by deception as to the identity of the person who uses the name." State v. Wheeler, 20 Oregon 192 (25 Pac. 394, 23 Am. St. R. 119, 121). Since there was no deception as to the identity of Joe W. Gilbert or T. W. McPeak there was no forgery of the indorsement. The only fraud relied on by the plaintiff is that of McPeak in representing that he would carry out a contract. The plaintiff in error, by making out the check as he did and mailing it to McPeak at his post office number, put it in the power of McPeak to negotiate the check, and Code § 37-113 applies. See also U. S. v. Continental American Bank & Trust Co., 175 Fed. (2d) 271. The contention that Joe W. Gilbert, or McPeak, by his indorsement, represented that he was the agent of a partnership or corporation is not well founded. There is no evidence to that effect. The only possible conclusion from the evidence is that Joe W. Gilbert did business with the North Carolina Bank in a trade name, in which case he was the principal actor rather than an agent. The case of McCornack v. Central State Bank, 203 Iowa 833 (211 N. W. 542), is distinguishable in that in that case the indorser represented himself to be the agent for the fictitious payee.

The court did not err in finding for the defendant.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*