A91A1984. AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC. v. BERLYE et al.
(414 SE2d 499)

McMurray, Presiding Judge.

Plaintiff American Express Travel Related Services Company, Inc. entered into a "Trust Agreement" which set forth the terms of a contract under which defendant Convenient Financial Services Group, Inc. d/b/a Cashland Check Cashing was appointed an agent to sell American Express Money Orders and agreed to remit certain funds to plaintiff. Defendants Jay Berlye and Judy Berlye executed a guaranty of the payment of all sums due to plaintiff from the agent

under the "Trust Agreement."

When the "Trust Agreement" was executed on or about July 20, 1988, Jay Berlye was the sole shareholder of Convenient Financial Services Group, Inc. In October of 1988, Jay Berlye sold a majority of the shares in this corporation to Carlquist. Convenient Financial Services Group, Inc. began operating a second business and selling American Express Money Orders, at a separate location, known as Associated Check Cashing in November of 1988. Pursuant to its usual practice where a vendor sells money orders from more than one location, plaintiff set up a separate account for the new location but did not obtain a separate contract. In March of 1989, Jay Berlye sold the remainder of his shares of Convenient Financial Services Group, Inc., to Carlquist and resigned as an officer of the corporation.

While its previous obligations to plaintiff had been paid in full, Convenient Financial Services Group, Inc., failed to submit a required weekly transfer of proceeds from the sale of plaintiff's money orders on March 15, 1990, and it became apparent that money orders had been sold for which money was not transferred to plaintiff. The "Trust Agreement" was terminated and this action followed.

Plaintiff sought damages from Convenient Financial Services Group, Inc., on theories of breach of trust and fiduciary duty, breach of contract, and conversion. Plaintiff's claim against Jay Berlye and Judy Berlye is predicated on their guarantee of Convenient Financial Services Group, Inc.'s performance under the "Trust Agreement." Plaintiff's motion for summary judgment was granted as to defendant Convenient Financial Services Group, Inc., and denied as to defendants Jay Berlye and Judy Berlye. Defendants Jay Berlye's and Judy Berlye's motion for summary judgment against plaintiff was granted. Plaintiff appeals the grant of summary judgment in favor of Jay Berlye and Judy Berlye, and appeals the denial of its motion for summary judgment against these two defendants. *Held*:

1. The initial issue concerns the effect of the reference in the "Trust Agreement" to the business operated by Convenient Financial Services Group, Inc., Cashland Check Cashing, and of the subsequent creation of the second business, Associated Check Cashing. The superior court concluded that "the trust agreement as signed clearly and unambiguously named only the first business, Cashland Check Cashing, as the business being operated by the corporation listed as the party to the trust agreement, and for which Defendants [Jay Berlye and Judy Berlye] gave their guaranty. The guaranty cannot be construed to include any new businesses formed by the corporation. . . . Defendants cannot be bound for the debts of Associated Check Cashing, a business which was not included in the original contract. . . . Regardless of the fact that Defendants [Jay Berlye and Judy Berlye] guaranteed the debts of Convenient Financial Services Group, Inc., it

was the corporation 'd/b/a Cashland Check Cashing' which was specified in the trust agreement, and Defendants cannot be held liable for any other businesses owned by the corporation. . . ."

We reject the superior court's analysis of this issue. Defendants Jay Berlye and Judy Berlye guaranteed the payment in full of all sums due under the "Trust Agreement" to plaintiff by the agent defined in the "Trust Agreement." That agent is Convenient Financial Services Group, Inc. There is no legally cognizable entity known as Cashland Check Cashing or Associated Check Cashing involved in this case. The use of d/b/a or "doing business as" to associate a tradename with the corporation using it does not create a legal entity separate from the corporation but is merely descriptive of the corporation. See *Moore v. Bank of Dahlonega*, 82 Ga. App. 142, 147, 148 (60 SE2d 507); *Duval v. Midwest Auto City*, 425 FSupp. 1381, 1387. "If one undertakes an obligation in a fictitious or trade name, the obligation is his own individually. *National Cash Register Co. v. Sikes*, 94 Ga. App. 391, 392 (94 SE2d 782) (1956)." *Horn v. Wright*, 157 Ga. App. 408 (1), 409 (278 SE2d 66).

It follows that there was not a novation releasing the Berlyes from their guaranty when plaintiff altered its copy of the "Trust Agreement" to add to the description of the agent the following terms: "Associated Check Cash." This alteration was stated by plaintiff's employee to have been made for internal record keeping purposes and was not intended to have any legal effect. Nonetheless, as altered the agent is shown to be "Convenient Financial Services Group, Inc. d/b/a Cashland Check Cashing & Associated Check Cash." While the description of the agent is altered, the identity of the agent with whom plaintiff contracted remains unaltered. The change in the description of the agent was immaterial as it did not alter or affect the terms of the contract. Thus, the risk to the Berlyes was not changed and these guarantors were not discharged. The superior court erred in granting summary judgment in favor of the Berlyes and against plaintiff.

2. The Berlyes also contend that they terminated their obligation under the guaranty by a letter which Jay Berlye wrote to plaintiff's agent, dated January 5, 1990. Plaintiff has no record of having received the letter. "Before any presumption arises that a letter has been received through the mails it must be shown that 'the letter (1) was written; (2) was properly addressed to the party; (3) contained the correct postage; and (4) was duly mailed in the United States Post Office.' [Cits.]" *Edmondson v. Air Svc. Co.*, 123 Ga. App. 263 (2) (180 SE2d 589). There is no evidence that the letter written by Jay Berlye was duly mailed in the United States Post Office with correct postage affixed.

Even if the letter written by Jay Berlye was received by plaintiff,

it did not cause a unilateral termination of the Berlyes' guaranty obligations. The guaranty agreement contained no provision for a unilateral termination such as contemplated by Jay Berlye's letter. "It is elemental that it is not possible to have a unilateral modification of a contract previously entered into between the parties." *Goldstein v. Ipswich Hosiery Co.*, 104 Ga. App. 500, 519 (30), 520 (122 SE2d 339). Nor would plaintiff's failure to respond to Jay Berlye's letter amount to an implied acceptance under OCGA § 24-4-23 of the attempted termination of the guaranty contained therein. " '[A] failure to reply to statements made in a letter, which is not a part of a mutual correspondence is not considered an implied admission by the addressee of the truth of the statements.' *Western Union Telegraph Co. v. Nix*, 73 Ga. App. 184, 191 (3) (36 SE2d 111) (1945)." *Lyons Mfg. Co. v. Cedarbaum*, 174 Ga. App. 218 (1), 219 (329 SE2d 559).

Finally, while plaintiff terminated the "Trust Agreement" in March of 1990, the Berlyes were not released from their obligations under the guaranty agreement. The Berlyes guaranteed the payment of all sums due from the agent under the "Trust Agreement" and consented in advance to renewals of the obligations of the agent. The "Trust Agreement" provided that: "In the event of termination for any cause, Agent shall immediately remit to [plaintiff] the Proceeds for Money Orders sold by Agent. Agent shall also return to [plaintiff] all unsold Money orders . . . All such Money Orders and Proceeds due [plaintiff] shall, until remitted to [plaintiff], be held in trust by Agent for [plaintiff]." The evidence is in conflict as to certain events following the termination notice. There is evidence, which plaintiff controverts, that it consented to a resumption of money order sales by the corporate defendant. Whether or not such permission was given, the Berlyes remained responsible for the obligations of Convenient Financial Services Group, Inc., since the money orders and proceeds from the sale thereof were either subject to the termination provisions of the "Trust Agreement" or were governed by a renewal of the contract between plaintiff and Convenient Financial Services Group, Inc. The superior court erred in refusing to grant plaintiff's motion for summary judgment against the Berlyes.

*Judgment reversed. Sognier, C. J., and Andrews, J., concur.*

DECIDED DECEMBER 2, 1991 —
RECONSIDERATION DENIED DECEMBER 19, 1991 — 

*Alston & Bird, H. Douglas Hinson,* for appellant.
*Hurt, Richardson, Garner, Todd & Cadenhead, Elizabeth B. Hodges, J. Timothy White, Lisa S. Street,* for appellees.