### A11A1449. PLAYNATION PLAY SYSTEMS, INC. v. JACKSON.
(718 SE2d 568)

SMITH, Presiding Judge.

In this action on a personal guaranty, PlayNation Play Systems, Inc. ("PlayNation") appeals from the trial court's grant of Robert Jackson II's motion for summary judgment. For the following reasons, we affirm.

On appeal, we review a trial court's grant of summary judgment de novo, construing the evidence and all inferences drawn from it in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). The relevant facts here are undisputed. Jackson and Gerald Flanagan[1] owned The Bottom Line, a limited liability Pennsylvania corporation, and conducted business under the fictitious name or "d/b/a" of Swingset Planet. The company sold and installed children's swing sets and operated an indoor play center. The swing sets were purchased pursuant to a 2006 dealership agreement between Swingset Planet and PlayNation, a manufacturer of children's playground equipment.

Jackson executed a personal guaranty for the debts of "Swing Set Planet" a month after the parties entered into the dealership agreement. The guaranty listed "Swing Set Planet" as the principal debtor. In 2008, PlayNation licensed its name and Jackson and Flanagan changed The Bottom Line's fictitious name to PlayNation Parties and Playgrounds ("PlayNation Parties") and continued to conduct the same business.

When PlayNation Parties failed to make payment on outstand-

---

[1] Flanagan is not a party to this appeal.

ing invoices, PlayNation sued for breach of Jackson's personal guaranty, interest, and attorney fees.[2] Following some discovery, both parties moved for summary judgment. The trial court granted Jackson's motion for summary judgment on the ground that Jackson could not be held responsible for the debt of PlayNation Parties because the debtor listed on the guaranty was Swingset Planet. It is from this order that PlayNation appeals.

"The contract of suretyship or guaranty is one whereby a person obligates himself to pay the debt of another." OCGA § 10-7-1; see *Rohm & Haas Co. v. Gainesville Paint & Supply Co.*, 225 Ga. App. 441, 444 (3) (483 SE2d 888) (1997). The guaranty must identify the debt, the principal debtor, the guarantor, and the creditor. *Cox v. U. S. Markets*, 278 Ga. App. 287, 288 (1) (628 SE2d 701) (2006). "Georgia courts strictly construe guaranty agreements in favor of the guarantor. And the guarantor's liability cannot be extended by implication or interpretation." (Citations and footnotes omitted.) *Caves v. Columbus Bank &c. Co.*, 264 Ga. App. 107, 114-115 (3) (b) (589 SE2d 670) (2003).

Citing *American Express Travel &c. v. Berlye*, 202 Ga. App. 358 (414 SE2d 499) (1991), PlayNation argues that Jackson promised to pay the debts of The Bottom Line when he signed the guaranty because Swingset Planet and PlayNation Parties were not legal entities but both were merely trade names descriptive of the corporation. See id. at 360 (1). We disagree.

In *Berlye*, the guarantors guaranteed payment of all sums due to the creditor from the agent under a trust agreement. Id. at 359. The trust agreement named Convenient Financial Services Group, Inc. d/b/a Cashland Check Cashing as the agent. At some time after the guaranty was executed, the corporation, Convenient Financial Services Group, Inc., began operating a d/b/a under the name Associated Check Cashing. Id. at 359. This court held that the change in the description of the corporation was immaterial and did not alter the guarantor's obligation to guaranty the sums of the corporation. Id. at 360 (1). But *Berlye* is inapposite here because in *Berlye*, the *corporation*, Convenience Financial Services Group, Inc., at all times was the agent referred to in the guaranty. Id. at 359-360 (1).

In contrast to *Berlye*, the guaranty here named only Swingset Planet as the debtor, without any reference to a corporation or other legal person it was describing. Strictly construing the guaranty here, as we are required to do, we cannot conclude that Jackson was obligated to guarantee the debt of The Bottom Line or its later d/b/a,

---

[2] PlayNation did not sue for breach of its dealership agreement with Swingset Planet which was signed only by Flanagan, nor did it sue PlayNation Parties for unpaid invoices for goods sold and delivered.

PlayNation Parties; the guaranty named only Swingset Planet. See, e.g., *Peara v. Atlanta Newspapers*, 120 Ga. App. 163 (169 SE2d 670) (1969) (physical precedent only) (defendant agreed to indemnify for credit extended to a named division of a larger corporation only and could not be held liable for credit extended to the corporation itself). To hold otherwise would extend a guarantor's liability by implication or interpretation — an act forbidden to the courts. The trial court therefore did not err in granting Jackson's motion for summary judgment.

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED NOVEMBER 1, 2011 — 

*Marc B. Hershovitz*, for appellant.
*Fellows LaBriola, Christina M. Baugh*, for appellee.