**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 4, 2015**

# In the Court of Appeals of Georgia

A14A1775. LUSTER v. BANK OF AMERICA, N. A. et al.

MILLER, Judge.

Lois Luster filed a wrongful foreclosure suit against Bank of America, N. A., successor by merger with Countrywide Home Loans Servicing, Investors One Corp., Kondaur Capital Corp., MERSCORP, Inc., and Campbell & Brannon, LLC.[1] After Luster failed to appear in court, the trial court dismissed her suit for want of prosecution. Thereafter, the trial court denied Luster's motion for new trial or, alternatively, to set aside the dismissal, and Luster filed this appeal. Since we lack jurisdiction to consider Luster's appeal, it must be dismissed.

---

[1] Luster has since dismissed her claims against Bank of America, N. A.

"It is our duty to inquire on our own motion into the issue of this Court's jurisdiction." (Citations omitted.) *Southwest Health & Wellness, LLC v. Work*, 282 Ga. App. 619, 622 (1) (a) (639 SE2d 570) (2006).

The trial court dismissed Luster's suit for want of prosecution on February 5, 2014. A judgment dismissing a plaintiff's entire complaint is a final order and is directly appealable under OCGA § 5-6-34 (a) (1). See *Andemeskel v. Waffle House, Inc.*, 227 Ga. App. 887 (1) (490 SE2d 550) (1997). Pursuant to OCGA § 5-6-38 (a), a notice of appeal must be filed within 30 days of the appealable decision. Luster did not, however, file a notice of appeal within 30 days after the dismissal of her suit. Instead, Luster filed a motion, captioned "a motion for new trial or, alternatively, a motion to set aside the dismissal," which the trial court denied on April 9, 2014. Luster then filed a notice of appeal on April 15, 2014, seeking review of the trial court's April 9 order.

"[T]he appealability of an order is determined, not by its form or the name given to it . . . , but rather by its substance and effect." (Footnote omitted.) *First Christ Holiness Church, Inc. v. Owens Temple First Christ Holiness Church, Inc.*, 282 Ga. 883, 885 (665 SE2d 605) (2008).

2

Objections which go to the judgment only, and do not extend to the verdict, cannot properly be made grounds of a motion for new trial. A motion for new trial seeks to set aside the verdict. No new trial is necessary to correct a judgment or decree. If a judgment or decree is erroneous or illegal, direct exception should be taken to it at the proper time.

(Citation and punctuation omitted.) *Leader Nat. Ins. Co. v. Martin*, 185 Ga. App. 27, 29 (1) (363 SE2d 281) (1987).

Although Luster designated her motion as a motion for new trial, she objected to the judgement of dismissal. Thus, her motion cannot properly be construed as a motion for new trial.[2] See *Martin*, supra, 185 Ga. App. at 29 (1); see also *Rothstein v. Brooks*, 133 Ga. App. 52, 53 (4) (209 SE2d 674) (1974) (where case was purportedly dismissed for want of prosecution, there had been no trial, and thus the

---

[2] In *Vaughn v. Car Tapes, Inc.*, 135 Ga. App. 178, 179-180 (217 SE2d 436) (1975), the plaintiff filed a motion to set aside after his suit was dismissed for want of prosecution, arguing that he had received no notice of the date set for trial. This Court affirmed, holding that the trial court had the authority to reinstate the case. Id. at 180 (4). In dicta, this Court noted that the trial court properly construed the plaintiff's motion to set aside the judgment as an extraordinary motion for new trial. Id. at p. 180 (3). We are not bound by that dicta, and we conclude that Luster's motion could not properly be construed as a new trial motion. See *Zepp v. Brannen*, 283 Ga. 395, 397 (658 SE2d 567) (2008) (courts are not bound to follow dicta from prior cases where the point at issue was not fully debated).

3

rules relating to motions for new trial did not apply). "Where a motion for new trial is not a proper vehicle for review of a trial court's action, the motion has no validity and will not extend the time for filing the notice of appeal." *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447) (1986).

If we construe Luster's motion as a motion to set aside under OCGA § 9-11-60 (d), such an order may only be appealed by complying with the discretionary appeal procedures, which Luster did not do. See OCGA § 5-6-35 (a) (8); *Arrowhead Alternator, Inc. v. CIT Communications Finance Corp.*, 268 Ga. App. 464, 466 (602 SE2d 231) (2004). Furthermore, to the extent Luster's motion could be considered a motion for reconsideration, it did not extend the time to appeal from the underlying order, and the order resolving a motion for reconsideration is not subject to direct appeal. See *Bell v. Cohran*, 244 Ga. App. 510 (536 SE2d 187) (2008). Accordingly, Luster's notice of appeal, filed more than 30 days after the trial court's dismissal, was untimely and we lack jurisdiction to consider her appeal.

*Appeal dismissed. Doyle, P. J., and Dillard, J., concur*.