# Court of Appeals
# of the State of Georgia

ATLANTA,  October 12, 2016

*The Court of Appeals hereby passes the following order:*

## A17D0077. CHARLES D. BOYD, JR. v. GA CAPITAL RECOVERY, LLC.

In May 2015, the Coweta County State Court entered a final judgment in favor of GA Capital Recovery, LLC, against Charles D. Boyd, Jr. GA Capital Recovery, LLC, then filed a garnishment action against Boyd in Fulton County State Court. Boyd filed a traverse to garnishment, which the Fulton County State Court denied on April 19, 2016. Boyd filed another traverse on April 21, 2016, and on May 3, 2016, the Fulton County State Court denied the traverse and re-affirmed its prior order. Subsequently, Boyd filed a motion for new trial, which the Fulton County State Court denied. Finally, Boyd filed another traverse and a motion for reconsideration on August 25, 2016, which the Fulton County State Court denied. On September 12, 2016, Boyd filed an application for discretionary appeal of this denial. We lack jurisdiction.

First, Boyd's application is untimely. An application for discretionary appeal must be filed within 30 days of entry of the challenged order. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). The denial of a motion for reconsideration is not appealable in its own right, and the filing of such a motion does not extend the time for appealing from an order previously entered in the case. *Luster v. Bank of America, N.A.*, 331 Ga. App. 510, 512 (769 SE2d 394) (2015); *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Alvin Lee Co. v. Garmon Elec. Contractors*, 190 Ga. App. 159, 159 (378 SE2d 384) (1989). While Boyd labeled his filing as both a motion for reconsideration and a traverse to garnishment, it was in

effect only a motion for reconsideration of the Fulton County State Court's order of April 19, 2016, denying his first traverse, as the court had already denied his first two traverses and his motion for new trial. See *Bell*, supra at 510; see also *Luster*, supra at 511 (the appealability of an order is determined, not by its form or the name given to it, but rather by its substance and effect); *Daiss v. Bennett*, 286 Ga. App. 108, 109 (1) (648 SE2d 462) (2007) ("It is axiomatic that the same issue cannot be relitigated ad infinitum."). As Boyd filed his application on September 12, 2016, 146 days after the entry of the April 19, 2016, denial, his application is untimely.

Second, the denial of the motion for reconsideration was a mere nullity. A motion for reconsideration filed within the term of court that a judgment is entered extends the authority of the trial court to modify its judgment after the term expires, but when such a motion is filed after the term in which the judgment is entered, that authority is lost. *Masters v. Clark*, 269 Ga. App. 537, 558 (604 SE2d 556). A new term of court for the Fulton County State Court begins on the first Monday in January, March, May, July, September, and November. *Lemcon USA Corp. v. Icon Technology Consulting*, Case No. A16A0804 (789 SE2d 832) (2016). The denial here was entered on April 19, 2016, during the March term of the Fulton County State Court, while Boyd filed his motion for reconsideration on August 25, 2016, during the July term. Accordingly, the court lacked authority to rule on the motion, and its denial was a mere nullity.

Accordingly, Boyd's application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____10/12/2016_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*