IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ANNETTE HOLDING LLC d/b/a SUPER DUPER FOODS, | ) ) ) | No. 36669-3-III |
| Appellant, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| NORTHWEST CLEAN AIR AGENCY, | ) ) ) | |
| Respondent. | ) | |

FEARING, J. — Annette Holding, LLC challenges notices of violation sent it by Northwest Clean Air Agency (NWCAA) for violations of the Washington Clean Air Act, chapter 70.94 RCW, and regulations of NWCAA. Annette Holding asserts the notices were invalid because they listed its tradename, rather than its limited liability company name, as the violator. We reject Annette Holding's contention because, among other reasons, a limited liability company is identical to its tradename. A company that chooses to conduct business under a tradename should not complain when a government agency cites the company for a regulation violation under the company's tradename, rather than under the company's legal name.

FACTS

Hanna Youssef (Youssef) owns Annette Holding, LLC.  Annette Holding owns a total of three convenience stores/gas stations in Washington: one in Mount Vernon, one in Conway, and a third in Oroville.  This appeal concerns the station in Conway, located at 18729 Fir Island Road, operated under the limited liability company's trade name, Super Duper Foods.  Chevron Corporation designates the Conway gasoline station as Chevron 306396.  The other party to the appeal, NWCAA, is the primary government agency tasked with protecting the air quality in Island, Whatcom, and Skagit Counties.

Annette Holding built the Conway station in 2013 and opened the station for business in October 2013, without filing a notice of construction and application for approval with the NWCAA.  The agency requires one constructing an air contaminant source to submit a notice and application and to obtain an order of approval before constructing a new source or modifying an existing source of emissions.  NW. CLEAN AIR AGENCY, REGULATION OF THE NORTHWEST CLEAN AIR AGENCY § 300.1 (May 12, 2019), https://nwcleanairwa.gov/?wpdmdl=5924.

On October 28, 2014, NWCAA discovered that the Conway station operated without having submitted a notice of construction or having received approval of the application.  A representative of NWCAA, Sara Brennan, visited the station, verified it

was selling gasoline, and handed application and permit forms to Pierre Youssef (Pierre), the son of Hanna Youssef. Pierre told Brennan that the station had operated for a year.

On October 29, 2014, another NWCAA compliance manager Toby Mahar spoke with Pierre Youseff. Pierre informed Mahar that that he would bring a completed application form to the agency later that day. Pierre failed to keep his promise.

As of November 10, 2014, the NWCAA had not received any permit application from Annette Holding. On November 10, agency manager Toby Mahar wrote a letter to Pierre Youssef stating that Annette Holding needed to submit the notice of construction and approval application within fifteen days. On November 12, 2014, the NWCAA unsuccessfully attempted to serve Mahar's letter on Pierre through a process server. The process server, nonetheless, telephoned Pierre and informed him of the attempted delivery.

On November 13, 2014, Pierre Youssef filed with the NWCAA an incomplete notice of construction and approval application. The application listed the Conway station's name as Super Duper Foods and the facility owner as Hanna Youssef. The application designated Pierre Youssef as the manager of the filling station and the owner's contact person.

3

On November 20, 2014, NWCAA issued notice of violation 4112. The notice declared that Super Duper Foods, as the violator, and Annette Holding LLC, as the owner, failed to submit a notice of construction and approval application or obtain an order of approval from NWCAA for the Conway gas station in violation of NWCAA Regulation § 300.1.

NWCAA served notice of violation 4112 by certified mail to Pierre Youssef at the Conway station address and by certified mail to Hanna Youssef at the registered business address for Annette Holding in Oroville. A signed receipt showed that the notice of violation and cover letter sent with the notice were delivered to the Conway address on November 22. USPS tracking showed the notice was delivered to the Oroville address on November 24, but no signed postcard was returned to NWCAA. Hanna Youssef denied receiving the notice.

On December 29, 2014, Annette Holding, LLC sent a check made payable to NWCAA for the required permitting fees in the amount of $3,207. Pierre Youssef signed the check. The check listed an address of 18729 Fir Island Road, Conway. The check listed both Annette Holding and Super Duper Foods as the maker.

On March 11, 2015, NWCAA representatives inspected the Conway station to assess whether the station had equipment required to comply with NWCAA air standard

regulations. The regulations demanded caps and connections to underground fuel storage tanks that prevent volatile organic compounds from escaping into the air. The industry calls the equipment Stage 1 enhanced vapor recovery equipment. The Conway station lacked the equipment.

During the months of March and April 2015, NWCAA agents contacted Pierre Youssef in person, by phone, and by letter in order to encourage Annette Holding to correct the incomplete application for the approval permit for the Conway station. On April 20, 2015, Annette Holding filed a completed notice of construction and application for approval. Pierre Youssef signed the application.

On May 5, 2015, NWCAA issued an order of approval to Super Duper Foods to construct the Conway station. The order demanded that Annette Holding install enhanced vapor recovery equipment by July 6, 2015. The order also demanded testing of all equipment within ninety days.

On some unidentified date between the middle of June and early July 2015, Hanna Youssef contacted Ralph Weiland to install the enhanced vapor recovery equipment. Wieland indicated his busy schedule prevented him from performing the task, but he would find someone else to perform the installation. Weiland failed to find another contractor.

On July 21, 2015, NWCAA inspected the gas station and discovered the required equipment had not been installed. On August 24, 2015, NWCAA issued a second notice of violation, notice of violation 4174, to Super Duper Foods—Chevron 306936, as violator, and Annette Holding LLC, as owner, for failure to comply with the May 2015 order of approval.

In late August 2015, the Skagit County Sheriff's Office served notice of violation 4174 and the notice's cover letter on Pierre Youssef at Super Duper Foods' Mount Vernon location. On August 28, 2015, Pierre called NWCAA to ask what equipment needed to be installed. On August 29, 2015, NWCAA delivered a copy of the notice to Hanna Youssef at Annette Holding's Oroville address.

On October 22, 2015, Pierre Youssef sent, to NWCAA, an e-mail, which mentioned enhanced vapor recovery equipment. NWCAA assumed Pierre intended to notify the agency of the installation of the equipment at the Conway gas station. Nevertheless, on inspection, NWCAA discovered the equipment had not been installed.

Ralph Wieland installed the enhanced vapor recovery equipment from December 2015 to January 2016. The gas station facility equipment passed tests conducted on January 18, 2016. When the NWCAA received the test results, representatives realized

the need for an additional test.  On July 11, 2016, the Conway station passed additional testing.

On February 19, 2016, NWCAA issued a notice of imposition of penalty to Super Duper Foods—Chevron 306936, for the first violation, notice of violation 4112, in the amount of $3,000, for failure to file a notice of construction and application for approval. On the same day, NWCAA also issued a notice of imposition of penalty to Super Duper Foods—Chevron 306936, for the second violation, notice of violation 4174, in the amount of $6,154 for failure to comply with the order of approval, which required installation of the enhanced vapor recovery equipment.  Although the notices of violation had listed Annette Holding, LLC, as the owner of the facility, the notices of imposition of a penalty did not name Annette Holding.

On February 23, 2016, NWCAA sent the penalty assessments by certified mail to Annette Holding's business address in Oroville.  On March 5, 2016, the Skagit County Sheriff's Office delivered the penalty assessments to Pierre Youssef.

PROCEDURE

On March 25, 2016 Super Duper Foods appealed the two penalties to the Pollution Control Hearings Board (PCHB).  Super Duper Foods filed two notices of appeal, each which designated the petitioner as "Super Duper Foods—Chevron 306936."  Clerk's

7

Papers (CP) at 36-37. Hanna Youssef signed the notices, and he listed the address for

Super Duper Foods as 18729 Fir Island Road, Mount Vernon.

On December 9, 2016, NWCAA filed a motion to join Annette Holding, LLC as

an additional appellant. NWCAA contended that Super Duper Foods was not a person

under the PCHB rules, and, therefore, NWCAA could not enforce the PCHB's orders

without the participation of Annette Holding. Also, NWCAA argued that Annette

Holding was the only "person" entitled to appeal the penalties. NWCAA mentioned that

Annette Holding conducted business as Super Duper Foods.

In response to NWCAA's motion for joinder, Hanna Youssef filed a motion to

dismiss. Youssef did not identify on whose behalf he filed the motion. Youssef wrote

that "the Business License is: Annette Holding LLC, dba Super Duper Foods, NOT:

Super Duper Foods/Chevron 306936." CP at 210 (boldface omitted). Youssef suggested

the case should be dismissed on the ground that NWCAA issued the penalties against the

wrong entity. The motion claimed that Pierre Youssef was not a manager or employee of

Annette Holding or Super Duper Foods, but rather a person with mental disabilities, with

whom Hanna Youssef held disagreements.

The PCHB denied NWCAA's motion for joinder because the PCHB could grant

the agency complete relief against Super Duper Foods without joining Annette Holding,

8

LLC.  Assuming Annette Holding, LLC was the correct party for the appeal, according to the PCHB, NWCAA may have issued the violations to the wrong party when issuing the violations to Super Duper Foods.  The PCHB mentioned that NWCAA issued the notices of violations to Super Duper Foods and Annette Holding, LLC, but the notices of penalty only to Super Duper Foods – Chevron 306396.  The PCHB also denied Hanna Youssef's motion to dismiss.

On January 26, 2017, NWCAA received a change of ownership or name change form indicating a facility name change for the Conway gas station from "Super Duper Foods" to "Annette Holding Super Duper Foods (3)."  CP 403, 666.  The form did not list Annette Holding as a limited liability company.

After the January 26 notice of name change, NWCAA issued a second notice of imposition of penalty for notice of violation 4174 to Annette Holding LLC d/b/a Super Duper Foods.  NWCAA incorrectly dated the notice as February 23, 2016 rather than February 23, 2017.  On February 23, 2017, NWCAA sent the notice of imposition by certified mail to Annette Holding at the Oroville address.  NWCAA did not serve this second notice of penalty on Pierre Youssef, because Hanna Youssef recently told NWCAA that Pierre should not receive any paperwork.  On March 20, 2017, Annette

Holding appealed the February 23 notice of penalty. NWCAA did not reissue the notice of penalty based on notice of violation 4112.

On June 27, 2017, to correct the date of issuance on the most recent notice of penalty, NWCAA issued another notice of imposition of penalty for notice of violation 4174. Annette Holding appealed the newly issued penalty to the PCHB.

At a hearing before the PCHB, Hanna Youssef testified that his son Pierre is currently not an owner, manager, or employee of Annette Holding. Paraskevi Stamati, Hanna's wife and co-owner of Annette Holding, testified, however, that Pierre has authority to sign checks and use the company credit card. Stamati added that Pierre previously worked at the Mount Vernon station and occasionally works at the Conway station.

The PCHB upheld the penalties imposed pursuant to notices of violation 4112 and 4174. Annette Holding appealed the PCHB order to the Superior Court of Okanogan County. The superior court upheld the PCHB order.

## LAW AND ANALYSIS

On appeal, Annette Holding argues that, when imposing the two penalties for the notices of violation, NWCAA acted outside its statutory authority and jurisdiction. Annette Holding contends NWCAA lacked authority because it issued notices of

violation to a nonentity, or to someone or something that is not a "person" subject to the clean air rules. Annette Holding bases this contention on the further argument that Super Duper Foods is not a "person" under RCW 70.94 or NWCAA regulations.

We review a challenged PCHB order under the Washington administrative procedures act. *Port of Seattle v. Pollution Control Hearings Board*, 151 Wn.2d 568, 587, 90 P.3d 659 (2004). This court may grant relief, if among other grounds: (1) the order falls outside the statutory authority or jurisdiction of the agency conferred by any provision of law, (2) the agency applied the law erroneously, or (3) the agency acted arbitrarily or capriciously. RCW 34.05.570(3)(b), (d), (i). Annette Holding relies only on a lack of authority. In reviewing administrative action, this court sits in the same position as the superior court, applying the standards of the administrative procedure act directly to the record before the agency. *Tapper v. Employment Security Department*, 122 Wn.2d 397, 402, 858 P.2d 494 (1993).

Annette Holding does not expressly argue that the notices of issuance of penalties were issued to a nonentity or nonperson. Therefore, we focus on the two earlier notices of violation. NWCAA served two notices of violation on Super Duper Foods. The agency served notice of violation 4112 for failure to file an application for construction and notice of violation 4174 for its failure to comply with the issued order of approval.

Each notice of violation listed "Super Duper Foods—Chevron 306936" as the "violator"
and "Annette Holding LLC" as the "owner." CP 34, 42.

Annette Holding's contentions on appeal assume that the designation of the owner
of the property on the notice of violation fails to give notice to the owner that it is also
responsible for the violation. Nevertheless, NWCAA's listing of Annette Holding as the
owner served no purpose unless NWCAA also deemed the limited liability company in
violation of the clean air act and the agency's regulations. We read the notices as
charging Annette Holding, LLC as violating the law. For this reason alone, we conclude
that NWCAA gave notice to the correct entity or person. Annette Holding offers no
argument to the contrary.

Assuming Annette Holding to be a separate entity from Super Duper Foods,
Annette Holding also held liability for the substantive law violations of the clean air act
as the owner of the property. The landowner is liable even if it leases the property to a
separate entity. RCW 70.94.040 reads:

> Except where specified in a variance permit, as provided in
> RCW 70.94.181, it shall be unlawful for any person to cause air pollution
> or permit it to be caused in violation of this chapter, or of any ordinance,
> resolution, rule or regulation validly promulgated hereunder.

The federal clean air act imposes strict liability on owners and operators who violate the
act. *Pound v. Airosol Co*, 498 F.3d 1089, 1097 (10th Cir. 2007). Washington case law

12

recognizes that RCW 70.94.040 does not require proof of knowledge, only proof of causation in order to assess one with penalties under the state act. *William Dickson Co. v. Puget Sound Air Pollution Control Agency*, 81 Wn. App. 403, 409, 914 P.2d 750 (1996).

We also reject Annette Holding's assignment of error because, even if NWCAA gave notice alone to Super Duper Foods, that notice would sufficiently give notice to Annette Holding, LLC. Super Duper Foods was the trade name of Annette Holding. The law recognizes no distinction between a legal entity and its trade name. Notice to Super Duper Foods was notice to Annette Holding.

In Washington State, a "person" may use an assumed name for a business. RCW 19.80.010. RCW 19.80.005(3) defines a "person" under RCW 19.80 to include a "limited liability company." In Washington, a limited liability company, such as Annette Holding, must register its trade name and include the true name of the company as filed with the secretary of state before the "person . . . carries on, conducts, or transacts business in this state under any trade name." RCW 19.80.010. A trade name by definition is used by the entity "to identify the person's business." RCW 19.80.005.

Nothing in the statutory language governing trade names suggests that the person registering the name is separate from its tradename. The Washington Supreme Court early proclaimed:

> The general rule of law seems to be that a corporation may contract and do business in an assumed name, as well as can an individual, and be bound thereby in its corporate capacity.

*Brotherhood State Bank of Spokane v. Chapman*, 145 Wash. 214, 219, 259 P. 391 (1927).

Foreign courts confirm that a person or entity is not separate from its trade name. A fictitious business name does not create a separate legal entity, rather the law deems the two identical. *Pinkerton's, Inc. v. Superior Court*, 49 Cal. App. 4th 1342, 1348, 57 Cal. Rptr. 2d 356 (1996); *Southern Insurance Company v. Consumer Insurance Agency, Inc.*, 442 F. Supp. 30, 31 (E.D. La. 1977); *American Express Travel Related Services Company v. Beryle*, 202 Ga. App. 358, 360, 414 S.E.2d 499 (1991); *Wood v. Manufacturing Co v. Schultz*, 613 F. Supp. 878, 884 n.7 (W.D. Ark. 1985); *Krawfish Kitchen Restaurant, Inc. v. Ardoin*, 396 So. 2d 990, 993 (La. Ct. App. 1981).

Annette Holding further contends that NWCAA could not correct its error with the issuance of a new penalty for notice of violation 4174 on June 27, 2017, because the initial notice of violation was already void. According to Annette Holding, NWCAA could not have issued a new notice of violation then either because a violator must receive written notice of a violation and be afforded thirty days to correct the violation before the issuance of a notice of violation. By the time of June 27, 2017, Annette Holding complied with the clean air rules. Annette Holding maintains that, when

14

No. 36669-3-III
*Annette Holding LLC v. Northwest Clean Air Agency*

NWCAA issued a valid notice of imposition of penalty, for either notice of violation 4112 or notice of violation 4174, Annette Holding was in compliance with the law. Finally, Annette Holding contends that the June 27 notice was sent to Oroville outside the jurisdiction of NWCAA. We need not address these contentions because we hold that the initial notices of violation extended to and bound Annette Holding.

CONCLUSION

We affirm the Superior Court and the Pollution Control Hearings Board. We thereby affirm the penalties assessed by NWCAA against Annette Holding.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, C.J.

15