# Court of Appeals
# of the State of Georgia

ATLANTA,  September 16, 2021

*The Court of Appeals hereby passes the following order:*

**A22A0070. JILL EDEN v. JOHN F. EDEN et al.**

Plaintiff Jill Eden filed this direct appeal to challenge the trial court's order denying her purported motion for new trial. As explained below, we lack jurisdiction and therefore, this appeal must be dismissed.

This case stems from a family property dispute.[1] In 2013, plaintiff filed the instant lawsuit for quiet title against defendants John F. Eden and Lauren M. Eden, and the parties reached a settlement. The settlement agreement was adopted and entered as the order of the trial court. After defendant failed to comply with the terms of the agreement, plaintiff filed a motion for contempt. On October 6, 2016, the trial court denied the motion. In *Eden v. Eden*, 344 Ga. App. 864 (812 SE2d 317) (2018) ("*Eden I*"), we affirmed in part and vacated in part the trial court's contempt order. Following remand of the case, the trial court entered an order adopting our decision.[2]

On December 14, 2020, plaintiff filed a motion designated as a "Motion for a New Trial," requesting that the trial court's prior contempt order be "set aside" based

---

[1] Plaintiff's claims against defendants have been the subject of two lawsuits that led to two prior appeals before our court. See *Eden v. Eden*, Case No. A19A2327 (March 4, 2020) ("*Eden II*"); *Eden v. Eden*, 344 Ga. App. 864 (812 SE2d 317) (2018) ("*Eden I*").

[2] In 2018, following the remand in *Eden I*, plaintiff filed a second lawsuit against defendants, alleging breach of contract and bad faith claims based upon their failure the pay the amounts due under the settlement agreement. In *Eden II*, we issued an unpublished opinion affirming the trial court's judgment in that case. See *Eden II*, supra.

upon a change in material facts. After a hearing, the trial court denied the motion. Plaintiff then filed this direct appeal. We, however, lack jurisdiction.

"It is well established that pleadings, motions and orders are to be construed according to their substance and function and not merely as to their nomenclature[.]" *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997) (punctuation omitted). Although plaintiff designated her motion as a motion for a new trial, no trial occurred in this case.[3] Consequently, her motion can not be construed as a valid motion for new trial. See *Luster v. Bank of Am., N.A.*, 331 Ga. App. 510, 512 (769 SE2d 394) (2015) (where there is no trial, the rules relating to motions for new trial do not apply and "[w]here a motion for new trial is not a proper vehicle for review of a trial court's action, the motion has no validity") (punctuation omitted); *Daniels v. McRae*, 180 Ga. App. 732, 733 (1) (350 SE2d 317) (1986) (plaintiff's motion could not be construed as a motion for a new trial because no trial had occurred).

To the extent that the motion can be construed as a motion to set aside under OCGA § 9-11-60 (d) or a motion for reconsideration, dismissal of this appeal is required. An order deciding a motion to set aside may only be appealed by complying with the discretionary appeal procedures, which plaintiff did not do. See OCGA § 5-6-35 (a) (8); *Luster*, 331 Ga. App. at 512. Moreover, an order resolving a motion for reconsideration is not directly appealable. See *Luster*, 331 Ga. App. at 512. As a result, plaintiff's appeal is hereby DISMISSED for lack of jurisdiction.

---

[3] Instead, a bench trial was conducted in plaintiff's second lawsuit. Because the lawsuits were not formally consolidated in the trial court, the pleadings and judgment that were separately rendered in the second lawsuit cannot be considered in our review of the instant case. See, e.g., *Stephenson v. Futch*, 213 Ga. 247, 248 (2) (98 SE2d 374) (1957) (when there has been no formal consolidation of the cases into one case, the records in each case must be considered separately). See also *Baker v. Brannen/Goddard Co.*, 274 Ga. 745, 750 (2) (559 SE2d 450) (2002) (Sears, P. J., concurring) (cautioning against considering matters outside of the appellate record for the case on review).



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*__*09/16/2021*__

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____, *Clerk.*

3