# Court of Appeals
# of the State of Georgia

ATLANTA,  June 03, 2022

*The Court of Appeals hereby passes the following order:*

## A22A0820. DEREK THOMAS et al. v. BARNES LAND AND INVESTMENTS, LLC.

This case began as a dispossessory proceeding in magistrate court filed by Barnes Land and Investments, LLC ("Barnes") against The Estate of Emma Jean Clark and All Other Occupants. After Derek Thomas filed an answer and counterclaims, the case was transferred to state court. On February 5, 2019, the state court entered an order which granted Barnes a writ of possession to the subject property and dismissed the counterclaims. Thomas filed at least two motions to set aside the February 5, 2019 order and a motion for reconsideration of the February 5, 2019 order. On March 28, 2019, the trial court entered an order denying the motion for reconsideration. The trial court entered separate orders denying Thomas's motions to set aside on December 31, 2019 and October 26, 2021, respectively. Thomas filed an application for discretionary review of the trial court's October 26, 2021 order. We denied the application on November 22, 2021. See Case No. A22D0125 (denied Nov. 22, 2021). On November 2, 2021, Thomas filed this direct appeal of the February 5, 2019, March 28, 2019, December 31, 2019, and October 26, 2021 orders. We lack jurisdiction.

First, this Court's denial of Thomas's discretionary application on November 22, 2021, constitutes a decision on the merits as to the October 26, 2021 order. See *Elrod v. Sunflower Meadows Dev., LLC*, 322 Ga. App. 666, 670 (4) (745 SE2d 846) (2013) ("[W]hen this Court examines a request for a discretionary appeal, it acts in an error-correcting mode such that a denial of the application is on the merits, and the order denying the application is res judicata with respect to the substance of the

requested review.") (punctuation omitted). Thus, Thomas's direct appeal from the same order is barred. See *Northwest Social & Civic Club v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003); *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007).

Second, the denial of a motion for reconsideration is not subject to appeal, and the filing of such a motion does not extend the time for filing an appeal. See *Luster v. Bank of America, N.A.*, 331 Ga. App. 510, 512 (769 SE2d 394) (2015). Accordingly, we are without jurisdiction to consider the appeal of trial court's March 28, 2019 order denying Thomas's motion for new trial.

Third, pretermitting whether the orders were directly appealable, Thomas's notice of appeal filed in November 2021 was untimely with respect to the trial court's February 5 and December 31, 2019 orders. A notice of appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-38 (a). "[A] timely-filed notice of appeal is a jurisdictional prerequisite to a valid appeal." *Henderson v. State*, 265 Ga. 317, 317 (1) (454 SE2d 458) (1995). Here, Thomas's notice of appeal was filed nearly three years after the February 2019 order and nearly two years after the December 2019 order.

Accordingly, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,   06/03/2022

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.